RICHARD M. BAKER and SHIZUKO BAKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket No. 1221-76.
United States Tax Court
T.C. Memo 1978-60; 1978 Tax Ct. Memo LEXIS 460; 37 T.C.M. (CCH) 307; T.C.M. (RIA) 780060; February 14, 1978, Filed Nick O'Malley, for the petitioners. Willard N. Timm, Jr., for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in the petitioners' Federal income taxes and additions thereto as follows: Additions to tax
Section
Section
Section
Year
Deficiency
[1] 6651(a) 6653(a)
6654
Richard M. Baker
1970
$852.51
$135.09
$42.63
$14.80
1971
924.45
230.49
46.22
29.54
Shizuko Baker
1970
666.10
88.49
33.30
8.83
1971
339.26
84.19
16.96
10.81
*461 Because of concessions made by respondent, the issues remaining for decision are (1) whether petitioner Richard M. Baker earned income in 1970 and 1971 and the amount thereof; (2) whether he was self-employed during those years; and (3) whether petitioners are liable for additions to tax under sections 6651(a), 6653(a), and 6654. FINDINGS OF FACT Petitioners Richard M. Baker (Richard) and Shizuko Baker are husband and wife who resided in Anaheim, California, at the time of the filing of the petitions herein. In lieu of filing income tax returns for the years 1970 and 1971, petitioners filed an 80-page petition using the front page format of a Form 1040, without including any information required to be reported therein. Richard was born in East St. Louis, Illinois. He has resided in the United States for most, if not all, of his adult life, including the taxable years in issue. Richard was employed by Active Tools during the early part of 1970. During 1970 and 1971, he operated a business called Baker's Maintenance, which performed repairs *462 and alterations to buildings. He did not report any income earned in 1970 and 1971 to the Internal Revenue Service and did not pay any Federal income tax during this period other than what was withheld by Active Tools and for which credit was given in the deficiency notice. Respondent calculated Richard's business income from his bank records, supported by specific checks from individuals who paid him for repair work. The amounts deposited in Richard's account included cash deposits. Cash deposits made prior to the date that he first negotiated a business check outside of his bank account were considered in their entirety as income from taxable sources. Respondent treated one-third of subsequent cash deposits made in 1970 as originating from the checks not deposited and, therefore, not taxable. The remaining two-thirds of the cash deposited was assumed to be from a taxable source. For 1971, respondent determined that deposits in Richard's bank account shortly after business checks were cashed reflected the proceeds of such checks. Such cash deposits were not included in income; otherwise the deposits were treated as income from a taxable source. Richard made seven payments *463 on a mortgage in cash totaling $1,652 during the last seven months of 1971. Respondent treated this amount as being made out of receipts which were taxable to petitioners and which were not otherwise included in income. OPINION Petitioners have advanced numerous arguments challenging the legality of the income tax in the instant case, many of which are part of the standard litany of the so-called "tax-protester" cases. The questions raised are: (1) whether Richard is subject to the laws of the United States; (2) whether he received any "dollars" as income for tax purposes because he received only Federal Reserve Notes and coins not made out of gold or silver; (3) whether petitioners' failure to file tax returns for the taxable years in question was a proper exercise of their rights under the Fourth and Fifth Amendments; (4) whether the Sixteenth Amendment is limited in its application to income earned by businesses and trades licensed by the state; (5) whether the Sixteenth Amendment was properly ratified; (6) whether the Internal Revenue Service had authority to collect taxes during the years in issue; (7) whether the assessment of taxes against Shizuko Baker impairs the marriage *464 contract between the petitioners; and (8) whether respondent correctly determined the deficiencies and additions to tax. Petitioners claim that Richard renounced and thereby lost his United States citizenship before the taxable years in question (see 8 U.S.C. 1481, et seq.). There is no need to resolve this claim because, whether or not Richard was a citizen, he was a resident of the United States and thus remained liable for income taxes imposed by the Internal Revenue Code. Section 1.1-1(a) and (b), Income Tax Regs. Petitioners' argument that, by "absolving allegiance to the government," Richard has removed himself from the jurisdiction of the tax laws is totally without merit. Petitioners' argument that Federal Reserve Notes are not dollars for tax purposes is similarly without justification. It has been considered in numerous other cases, and in each instance has been rejected. See, e.g., United States v. Whitesel,543 F.2d 1176 (6th Cir. 1976); United States v. Kelley,539 F.2d 1199 (9th Cir. 1976); Hatfield v. Commissioner,68 T.C. 895 (1977); Gajewski v. Commissioner,67 T.C. 181 (1976), *465 on appeal (8th Cir. May 23, 1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). Equally without merit is the argument that petitioners' failure to file tax returns is justified as an exercise of their rights under the Fourth and Fifth Amendments. This argument is premised upon petitioners' belief that Federal Reserve Notes are not dollars. It has been held repeatedly that such ground does not excuse the filing of a proper return under the Fifth Amendment. See, e.g., United States v. Daly,481 F.2d 28 (8th Cir. 1973), and Hatfield v. Commissioner,supra at n. 2. Petitioners' Fourth Amendment claim, that requiring the filing of a tax return is a forcible taking of a man's private papers, is frivolous. A tax return is inherently a public paper, prepared solely for the taxing authorities. See, Couch v. United States,409 U.S. 322, 335-336 (1973); Flint v. Stone Tracy Co.,220 U.S. 107, 174-177 (1911); Heathman v. United States Dist. Ct. for Cent. Dist. of Cal.,503 F.2d 1032, 1035 (9th Cir. 1974). Petitioners next argue that the *466 Sixteenth Amendment[2] extends only to income which properly would be subject to an excise tax. A simple reading of the Amendment refutes petitioners' contention; the power granted to Congress includes the power to tax income from whatever source derived. There is no indication that the restriction suggested by petitioners was ever intended. Petitioners' construction of the Sixteenth Amendment is based, as far as we can determine, solely upon a misinterpretation of Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916), in which the Supreme Court held that the income tax provisions of the Tariff Act of October 3, 1913, 38 Stat. 114, 166, were constitutional under the Sixteenth Amendment. In that case, the Supreme Court indicated that an income tax could be either a direct or an excise tax, so long as the tax conformed to the constitutional limitations applicable to each. The Sixteenth Amendment simply permitted *467 the enactment of an income tax which would be a direct tax without satisfying the conditions theretofore required for direct taxes. Roberts v. Commissioner,62 T.C. 834 (1974); Penn Mutual Indemnity Co. v. Commissioner,32 T.C. 653 (1959), affd. 277 F.2d 16 (3d Cir. 1960). The argument that the Sixteenth Amendment was not properly ratified is premised solely on the theory that Ohio was not a State until 1953. Every case in which this issue has been presented has been decided against the taxpayer. Lorre v. Alexander,     F. Supp.     ( W.D. Tex. 1977, 40 AFTR 2d 77-5677, 77-2 USTC par. 9672); McCoy v. Alexander,     F. Supp.     ( S.D. Tex. 1977, 40 AFTR 2d 77-5299, 77-2 USTC par. 9504); McMullen v. United States,     F. Supp.     ( W.D. Tenn. 1976, 39 AFTR 2d 77-628, 77-1 USTC par. 9142); Ivey v. United States,     F. Supp.     ( E.D. Wis. 1976, 38 AFTR 2d 76-5909, 76-2 USTC par. 9682). We agree. Petitioners' theory is based on the enactment of Pub. L. 204, ch. 337, 67 Stat. 407 (1953) relating to Ohio's Admission into the Union. As the *468 legislative history of this Act makes clear, its purpose was to settle a burning debate as to the precise date upon which Ohio became one of the United States. S. Rept. No. 720 to accompany H.J. Res. 121 (Pub. L. 204), 82d Cong. 2d Sess. (1953). We have been cited to no authorities which indicate that Ohio became a state later than March 1, 1803, irrespective of Pub. L. 204. Petitioners next argue that the Internal Revenue Service lacked authority to collect taxes because California was not a state during the years at issue. This result is premised on the facts that the Act admitting California into the United States prohibited the assessment of taxes upon the property of the United States and that Plumus County, California, allegedly taxed mining claims on Federal property. Aside from a variety of obvious questions, such as petitioners' standing to raise such an issue and the consequences flowing from any violation of such prohibition, the fact of the matter is that nondiscriminatory taxation of an interest such as a mining claim on Federal land is not a tax upon the United States. See United States v. Detroit,355 U.S. 466 (1958). Petitioners' argument is *469 frivolous. The claim that assessment of taxes against Shizuko Baker impairs the marriage contract of the Bakers is not convincing. Petitioners have failed to produce any evidence concerning the contents of such a contract and have utterly failed to show how it would be impaired by respondent's action, as is their burden. Rule 142, Tax Court Rules of Practice and Procedure. Cf. Black v. Commissioner,69 T.C. 505 (1977). Finally, we turn to the deficiencies and additions to tax determined by respondent. Petitioners' sole disagreement as to the reconstruction of Richard's income involves the alleged inclusion of both cash deposited in petitioners' bank account and checks not so deposited. Respondent made adjustments to reflect the possibility that a portion of the proceeds of checks would be deposited as cash, and petitioners have not shown any error in this regard, as was their burden. Rule 142, Tax Court Rules of Practice and Procedure.
On brief, Richard conceded that he was self-employed during 1970 and 1971. No evidence was presented indicating that respondent's determinations of deficiencies in income and self-employment tax are in error. Accordingly, *470 they are sustained (as adjusted to reflect concessions made by respondent prior to trial). [3]
Petitioners have made no serious argument disputing the imposition of additions to tax under sections 6651(a), 6653(a) and 6654 other than their claim that there were no deficiencies to which such additions could attach.No valid tax returns were filed; the form of petition which petitioners submitted to the Internal Revenue Service did not constitute such a return. See Hatfield v. Commissioner,supra;Cupp v. Commissioner,supra. Raising of the arguments heretofore considered does not excuse petitioners' failure to file and the addition to tax under section 6651(a) must be sustained. United States v. Daly,supra;United States v. Porth,426 F.2d 519 (10th Cir. 1970); Hatfield v. Commissioner,supra.Similarly, since there is no *471 evidence showing error in the Commissioner's imposition of additions to tax under sections 6653(a) and 6654, they too must be upheld. Hatfield v. Commissioner,supra.
Solely to reflect concessions made by the respondent, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.↩
2. The text of the Sixteenth Amendment is as follows: The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.↩
3. In their reply brief, petitioners alleged that they could document business expenses, but they chose not to do so at trial in order to present the arguments heretofore considered. Having made this decision, petitioners must live with the consequences.↩