**UNITED STATES of America,**
**Appellee,**

v.

**William A. EGAN, Jr., Appellant.**
**No. 665, Docket 72–1102.**

United States Court of Appeals,
Second Circuit.

Argued April 13, 1972.

Decided April 20, 1972.

William A. Egan, Jr., White Plains,
N. Y., pro se.

Rudolph W. Giuliani, Asst. U. S. Atty.
(Whitney North Seymour, Jr., U. S.
Atty., S. D. N. Y., and Peter F. Rient,
Asst. U. S. Atty., of counsel), for appel-
lee.

Before FRIENDLY, Chief Judge, and
SMITH and OAKES, Circuit Judges.

PER CURIAM:

We affirm this appeal from a
conviction for willful failure to file fed-
eral income tax returns for the calendar
years 1964 through 1967, in violation of
26 U.S.C. § 7203. The principal conten-
tion is that, because the income tax re-
turns for those years contained the
usual question[1] to be answered by the
taxpayer whether returns were filed for
prior years, and because taxpayer had
not filed returns for the years 1960–63
inclusive, he was put in what has been
called the "cruel trilemma": if he filed

1. Enter the name and address used on your return for [last year] (if the same as above, write "same"). If none filed, give reason.
The return forms for 1965 through 1967 included the additional phrase: "If changing from separate to joint or joint to separate returns enter [last year's] names and addresses."

the return and answered the question truthfully he would have been confessing to a crime; if he answered the question untruthfully he would have been subjecting himself to a perjury charge; if he failed to file the return he would have been committing a crime. *Cf.* Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Malloy v. Hogan, 378 U.S. 1, 11–12, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). *See also* United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); Friendly, The Fifth Amendment Tomorrow: The Case for Constitutional Change, 37 U. Cin.L.Rev. 671, 719–20 (1968). But there might have been any number of reasons not to file returns for the years 1960–63, some of which appellant stated to the Internal Revenue Service—*e. g.,* he had lost money in those years. Answering the question on the return in the negative with an explanation of this nature, if true, would of course not have resulted in criminal charges. But even considering that question was incriminating, since the government has a substantial interest in its tax revenues, appellant's privilege would relate only to his refusal to respond to the question, not to a total failure to file the return. The fifth amendment protects against giving testimony against oneself, not against bringing attention to oneself. *Cf.* California v. Byers, 402 U.S. 424, 434, 91 S.Ct. 1535, 1541, 29 L.Ed.2d 9 (1971) ("There is no constitutional right to refuse to file an income tax return . . . in order to avoid the possibility of legal involvement").

■ The court's charge on willfulness was essentially correct. Appellant made a request to charge that, if the jury found that appellant did not file his re-

turns for the years in question for fear of incriminating himself for previous violations, the jury must acquit. But this is no defense, United States v. Fullerton, 189 F.Supp. 211 (D.Md.1960), and the court gave the appellant all that, perhaps even more than, he was entitled to by saying that the jury should acquit if it found that appellant believed he had a constitutional right not to file tax returns.

■ Appellant's remaining argument concerns certain considerations stated by the court while rendering an otherwise perfectly proper sentence. "A sentencing judge has very broad discretion in imposing any sentence within the statutory limits . . . ," United States v. Sweig, 454 F.2d 181, 183 (2d Cir. 1972), and in the exercise of that discretion he may consider a wide range of data. *See id.* at 183–184 and cases there cited. The characterization of the crime of failing to file income tax returns as "acquisitive" may not have been totally accurate when, apparently, relatively small amounts of dollars were involved. But it is descriptive of the general type of crime as opposed to one of violence, drugs or the like, and the judge was expressing a perfectly proper philosophy of sentencing to the effect that this kind of crime—sometimes called "white collar" or "commercial"—should be treated just as seriously as some of the so-called "ghetto" crimes. Taking note of the defense of self-incrimination as having "come up very late in the game" was supported factually in the record and did not refer to trial tactics, but to appellant's previous explanations for his failure to file.

Judgment affirmed.