**UNITED STATES of America,**

v.

**Lyle C. HENDERSON, a/k/a "Skitch" Henderson, Defendant.**

**No. 74 Cr. 1114.**

United States District Court,
S. D. New York.

April 3, 1975.

Paul J. Curran, U. S. Atty. for the Southern District of New York, New York City, for the United States; Thomas D. Edwards, David A. Cutner, Asst. U. S. Attys., of counsel.

Louis Bender, New York City, for defendant.

EDWARD WEINFELD, District Judge.

The defendant, upon the voluntary dismissal of his appeal from a judgment of conviction on two counts of filing income tax returns containing false statements, now moves for a reduction of the six months sentence imposed upon each count to run concurrently. It is asserted that the court misconstrued the jury's verdict as having found that the defendant falsely overstated the value of his music library in his income tax returns, which alleged error "added to defendant's punishment directly, substantially, and immeasurably."

The six months sentence obviously was based upon the crimes of which the defendant had been convicted. It was imposed only after the court had carefully considered the information contained in an extensive presentence report and letters from defendant's friends and associates, and upon an evaluation of all relevant and significant factors, which took into account the defendant's, as well as the public, interest.

■■ This court, as a matter of policy, has always explicated the reasons underlying its sentence dispositions, whether of imprisonment or suspension of sentence, cf. McGee v. United States, 462 F.2d 243, 247 (2d Cir. 1972); United States v. Brown, 479 F.2d 1170, 1172–73 (2d Cir. 1973), and specified mitigating or aggravating circumstances and the factors favorable or unfavorable to defendant. See Williams v. Oklahoma, 358 U.S. 576, 585, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); United States v. Baker, 487 F.2d 360, 362 (2d Cir. 1973) (Lumbard, J. dissenting). The observations of the court at the time of sentencing contain no reference to the jury's verdict; generally they reviewed the nature of the charges against the defendant and the totality of the substantial evidence developed upon the trial in support thereof. While it is true, as defense counsel states, that the jury verdict of guilty under the two counts reflected "no finding with respect to the value of the defendant's music library, and no finding of any false statement by the defendant concerning the music library's worth," there was substantial evidence on this subject as to defendant's acts and conduct. It was entirely proper for the court, in reaching its judgment as to a fair and just sentence, to consider the overall situation, particularly evidence presented at the trial on that subject. United States v. Egan, 459 F.2d 997–98 (2d Cir.), cert. denied, 409 U.S. 875, 93 S.Ct. 123, 34 L.Ed.2d 127 (1972); United States v. Sweig, 454 F. 2d 181, 183–84 (2d Cir. 1972); United States v. Doyle, 348 F.2d 715, 721 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). It was in this context that the reference was made to the donation of the library and its claimed value—to note that his actions

were deliberate and willful. It was in this frame of reference that the court observed that as to the charge that defendant "knew that the donation was not worth $350,000, but practically worthless, his awareness is underscored by the false statement in a letter that he had the judgment of eminent persons in the music world as to their worth." Each of those named denied that he had given an appraisal of defendant's music library; the defendant conceded as much. It is entirely incorrect to say that the defendant's sentence was added to "directly, substantially and immeasurably" because of any misconception by the court of the jury's finding.

To the extent that defendant urges a reduction of sentence based upon adverse publicity which his conviction and sentence generated, such relief is not warranted. It is true that the activities of those who enjoy public status are the subject of extensive publicity; publicity is generated in proportion to one's public standing—the greater one's public status, the greater the publicity. However, a plea that the extensive publicity which follows upon exposure of a public figure's shortcomings is a sufficient punishment and adequate to vindicate the public interest is utterly without substance. Any such concept would set a double standard in dealing with those who violate the law. Evenhanded justice requires that in imposing a sentence upon a conviction of a crime a single standard be applied to public figures as well as to the unpublicized citizen. They stand as equals at the bar of justice. The biblical injunction applies: "Ye Shall Not Respect Persons in Judgment." Deuteronomy 1–17.

The motion for reduction of sentence is denied. The defendant is permitted, as requested by him, to surrender directly to his place of confinement. He is to surrender himself on April 8, 1975, at noon, to Allenwood Prison Camp, Montgomery, Pennsylvania, which has been designated by the Director of the Bureau of Prisons for the service of his sentence.