JAMES DANIEL STICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stice v. Commissioner
Docket No. 10018-77.
United States Tax Court
T.C. Memo 1980-14; 1980 Tax Ct. Memo LEXIS 575; 39 T.C.M. (CCH) 894; T.C.M. (RIA) 80014; January 17, 1980, Filed *575 Held:
1. Respondent's determination of deficiencies in tax and additions to tax pursuant to secs. 6651(a) and 6653(a), I.R.C. 1954, for taxable years 1967 and 1969-73 upheld. 2. Respondent's claim by amended answer for an increase in the deficiency in tax and additions to tax for 1968 upheld. James Daniel Stice, pro se. Robert F. Cunningham, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined the following deficiencies and additions to tax for petitioner's taxable years 1967-1973: Additions to tax,
Year
Deficiency
[1] sec. 6651(a) sec. 6653(a)
1967
$7,169.71
$1,792.42
$ 358.48
1968
479.85
119.96
23.99
1969
7,551.43
1,887.85
377.57
1970
1,244.84
155.66
62.24
1971
206.17
10.30
1972
1,478.23
89.36
73.91
1973
2,858.83
355.45
142.92
By amendment to his answer, respondent determined for petitioner's 1968 taxable year $2,189.61 increase in the deficiency, a $547.41 increase in the section 6651(a) addition to tax, and a $109.48 increase in the section 6653(a) addition to tax, resulting in the following total deficiency *576 and additions to tax for 1968: [2]
Additions to tax,
Deficiency
sec. 6651(a)
sec. 6653(a)
$2,669.46
$667.37
$133.47
The issues for our decision are: (1) Whether petitioner has established that he is entitled to a greater deduction for business expenses than that allowed by respondent; (2) whether petitioner is liable for the section 6651(a) and section 6653(a) additions to tax; and (3) whether respondent has sustained his burden and established that a greater deficiency and additions to tax are due for 1968. [3] FINDING OF FACT Some of the facts were stipulated and, subject to an exception hereinafter discussed, they are so found. The stipulation of facts, supplemental stipulation of facts, and the exhibits attached thereto are incorporated herein by this reference. James Daniel *577 Stice (hereinafter petitioner) resided in Roseville, Ill., when he filed his petition herein. Petitioner did not file any Federal individual income tax returns for the taxable years 1967 through 1973, the years in issue herein. Petitioner has considerable educational and business experience. He has earned baccalaureate and masters degree in chemistry (1951 and 1952) and a law degree (1957). During 1953 and 1954 petitioner was an examiner for the United States Patent Office, Washington, D.C. Between 1954 and 1957 petitioner served as a patent agent for Shell Development Co., Emeryville, Calif., and General Mills, Inc., Minneapolis, Minn. From 1957 to 1963 petitioner was employed as a patent attorney by a law firm. Between 1963 and 1965 petitioner served as coordinator of patent marketing for 3M Company, St. Paul, Minn. Beginning in 1965 and during the taxable years in issue, petitioner operated his own marketing research business under the name of Dan Stice Associates. As a consultant petitioner was hired by other business both as a salaried employee and as an independent contractor. Petitioner operated his business from his personal residence, which during the taxable years *578 in issue, was in Stillwater, Minn.
In making his determinations in the statutory notice of deficiency, respondent, in the absence of any tax returns filed by petitioner or adequate books and records maintained by petitioner, used the bank deposits method to determine petitioner's gross business income. Pursuant to this method respondent determined petitioner's business gross income by totaling the deposits made by petitioners to his business checking account and the sums retained by petitioner in cash, as reflected on the checking account deposit slips. Petitioner stipulated that the amounts determined by respondent as business gross income in the statutory notice of deficiency were correct. The parties also stipulated as to the correctness of respondent's determinations concerning petitioner's: (1) interest income; (2) partnership losses; (3) exemption deductions; and (4) itemized deductions. The only item to which the parties did not stipulate was respondent's determination that petitioner received $2,700 in income from grain sales in 1973. Petitioner incurred business expenses both as a salaried employee and as an independent contractor. Petitioner traveled to and from some *579 of the major cities in the United States in the course of his business. He kept no records of his expenditures on these trips nor of reimbursements that he might have received. As deductions from business gross income, respondent allowed petitioner: (a) A deduction for business expenses which were evidenced by checks made payable to "business payees"; [4] and (b) for the taxable years 1970-1973, a deduction for some office expenses. No deduction was allowed for business expenses paid in cash. Respondent accepted petitioner's affirmation that check made payable to "business" payees were in fact deductible business expenses. Respondent allowed no home office expense deduction for the taxable years 1967-1969 for lack of information and substantiation. Respondent determined in the statutory notice of deficiency, and conceded in the stipulation of facts, that petitioner incurred the following deductible business expenses: Year
Business expenses
1967
$14,781.03
1968
18,543.75
1969
17,622.21
1970
11,823.07
1971
12,475.14
1972
12,037.82
1973
15,868.74
During *580 the trial respondent amended his answer in order to conform the pleadings to the evidence. Rule 41(b), Tax Court Rules of Practice and Procedure. Respondent asserts therein that because of a mathematical error in totaling the "business" checks for 1968, petitioner was allowed a business deduction $8,160 greater than that to which petitioner was entitled. [5]
ULTIMATE FINDINGS OF FACT Petitioner has not established that he is entitled to any deduction for business expenses greater in amount than allowed by respondent. Petitioner has failed to prove that he did not receive $2,700 of taxable income from grain sales in 1973. Respondent has established that petitioner was allowed a business expense deduction $8,100 greater than he was entitled to. Petitioner is entitled to a business expense deduction of $10,443.75 ($18,543.75-$8,100) for 1968. Additionally, for 1968, respondent has carried *581 his burden and established that petitioner is liable for increased section 6651(a)(1) and section 6653(a) additions to tax to the extent they result from an increased deficiency due to an $8,100 reduction in petitioner's allowable business expense deduction. Petitioner's failure to file timely returns for the taxable years in issue was not due to reasonable cause or was due to wilful neglect. Similarly, part of the underpayment of tax for each of the taxable years was due to negligence or intentional disregard of rules and regulations by petitioner. OPINION The issues for decision are: (1) Whether petitioner has established that he is entitled to a deduction for business expenses greater in amount than allowed by respondent; [6] (2) whether petitioner is liable for section 6651(a) and section 6653(a) additions to tax; and (3) whether respondent has sustained his burden and established a greater deficiency and additions to tax for 1968. Petitioner did not file Federal income tax returns for the taxpayer in issue and did not keep adequate records of his income *582 and expenditures. In the absence of such returns and records, respondent used the bank deposits method to compute petitioner's taxable income. [7] *583 This income was principally derived by petitioner from the operation of his own consulting business. For each of the taxable years in issue, the parties have stipulated to the correctness of respondent's determinations as to petitioner's: (1) business gross income; (2) interest income; (3) partnership losses; (4) exemption deductions; and (5) itemized deductions. The only item to which the parties did not stipulate was respondent's determinated that petitioner received $2,700 in income from grain sales in 1973. Respondent's determination is presumed to be correct, and petitioner has the burden of proving it wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142 (a), Tax Court Rules of Practice and Procedure. Petitioner did not introduce any evidence to to dispute respondent's determination. Accordingly, the determination is sustained. As a deduction from business gross income in each of the taxable years in issue, respondent allowed petitioner a deduction for business expenses which were evidenced by checks made payable to payee whom petitioner identified as "business" payees. Respondent accepted petitioner's affirmation that checks made payable to "business" payees were in fact deductible business expenses. No deduction was allowed for business a home office expense deduction for the taxable years 1970-1973. The principal issue in this case is whether petitioner has established that he is entitled to greater business expense deductions than allowed by respondent for business travel expenses he claims were paid in cash. [8]
Petitioner's argument in support of *584 a deduction for business expenses paid in cash in that it is a matter of common knowledge that certain business expenses, especially in connection with business travel, will be paid in cash. It is petitioner's primary contention that cash expenditures for such items as cab fares, meals, tips, telephone calls, and entertainment expenses are inherent in business travel. Petitioner testified that a substantial portion of the cash he obtained from various sources [9] was expended for deductible business expenses. He further claimed that the amount of cash he received was greater than that necessary for his ordinary needs, thus requiring the conclusion that amounts must have been expended for business expenses. Petitioner introduced no specific evidence as to the total amount of cash received in each taxable year, what portion of that total was expended for deductible business expenses, or what alleged expenses were being claimed as having been paid in cash. Additionally, the Court was only presented with the lump-sum amounts which the parties stipulated as deductible business expenses. No information was provided concerning the specific items for which a deduction was allowed. Furthermore, *585 petitioner's testimony was directed only to his business travel in 1967. Not only was that testimony vague and inconclusive, but no evidence was introduced for the other taxable years. In effect, petitioner asks the Court to determine the "inherent" amount of cash expenditures for each taxable year, based on: (1) An estimated amount of cash available to petitioner for business expenses; (2) petitioner's general testimony as to his 1967 travel schedule; and (3) the assumption that petitioner similarly traveled during the taxable years in issue subsequent to 1967. [10]
Petitioner's evidence is totally inadequate to establish that he is entitled to a deduction *586 greater in amount than allowed by respondent. As previously noted, respondent's determinations are presumed to be correct and petitioner has the burden of proving them wrong. Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure. While we agree with petitioner that when traveling some expenses will be paid in cash, this is not enough to establish petitioner's entitlement to a deduction. Without discussion of whether petitioner would be entitled to a deduction for such expenses under section 162 [11] *587 , it is clear that petitioner has not satisfied the section 274(d) substantiation requirements for the deduction of business travel expenses. [12] Section 274(d) provides in pertinent part: No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * * (B) the time and place of the travel * * * [and] (C) the business purpose of the expense * *588 * *. Petitioner's general testimony did not satisfy these substantiation requirements for any of the taxable years. See sec. 1.274-5, Income Tax Regs. Each element of the expense must be established by adequate records or by sufficient evidence corroborating taxpayer's own statements. Sec. 1.274-5(c), Income Tax Regs. Not only did petitioner fail to provide any records or other corroborating evidence, his testimony, even if totally accepted, did not establish any, much less all, of the necessary elements of the expenses. See also Dowell v. united States,522 F.2d 708 (5th Cir. 1975). Respondent has allowed a business expense deduction for those amounts petitioner paid by check to "business" payees. Respondent was more than fair in accepting petitioner's word that all checks made payable to "business" payees were for deductible business expenses. Petitioner had failed to establish that he is entitled to a greater deduction than that allowed by respondent for any of the taxable years. Accordingly, except as to the 1968 taxable year, infra, we sustain respondent's determinations. As to 1968, the question is whether respondent established that petitioner is entitled to a lesser amount *589 than that allowed in the statutory notice. During the course of the trial respondent amended his answer and alleged that petitioner had been allowed an $8,160 greater business deduction than that to which he was entitled. Accordingly, respondent determined a greater deficiency and greater additions to tax for 1968. At trial respondent's agent testified that when he added the checks for which petitioner was to be allowed a business expense deduction, a mathematical error of $8,100 12a was made. The worksheet from which the agent made his computations also showed an $8,100 error. Petitioner did not introduce evidence contesting the existence of the error. The Court has jurisdiction to determine a greater deficiency and additions to tax than set forth in the statutory notice of deficiency provided a claim therefor is asserted at or before a hearing or rehearing in the case. Sec. 6214(a). The term "hearing" includes the whole proceeding down to the filing of an entry of final decisions. H.F. Campbell Co. v. Commissioner,54 T.C. 1021, 1023 (1970); *590 Henningsen v. Commissioner,243 F.2d 954, 959 (4th Cir. 1957), affg. 26 T.C. 528 (1956). In addition, where facts to which the parties have stipulated are clearly contrary to the record, the Court will not be bound by the stipulation. Jasionowski v. Commissioner,66 T.C. 312, 318 (1976). Because the allowance of an $18,643.75 business expense deduction for 1968 was clearly contrary to the record, we are not bound by the parties' stipulation as to petitioner's business expense deduction for 1968. We conclude that respondent has sustained his burden to the extent of an $8,100 reduction in the amount originally determined to be petitioner's deductible business expenses. Petitioner is entitled to a business expense deduction of $10,443.75 ($18,543.75 deduction originally allowed minus $8,100) for 1968. Section 6651(a)(1) [13] *592 imposes an addition to tax for failure to file a return on or before the prescribed date, unless it can be shown that the failure to file was due to reasonable cause and not due to willful neglect. Except for the increased additions to tax for 1968, petitioner has the burden of showing that his failure ot file returns was due to reasonable cause and not due to willful *591 neglect. Bebb v. Commissioner,36 T.C. 170 (1961); Richardson v. Commissioner,72 T.C. 818 (1979). Petitioner has failed to carry his burden. Petitioner did not file a tax return for any of the taxable years in issue. At trial petitioner advanced two arguments in opposition to the imposition of the section 6651(a)(1) addition to tax. [14] His first argument was that because of his general inability to keep records, he could not prepare accurate and complete returns to which he could sign his name without committing perjury. Petitioner explained that his inability to keep records was the result of a lack of recordkeeping talent and because he found recordkeeping "personally repugnant." Petitioner's second argument is grounded on the Fifth Amendment, U.S. Constitution, privilege against self-incrimination. Petitioner claims it would violate this privilege to impose an addition to tax for years subsequent to 1967, the first taxable year for which he did not file a return, because if he filed a return for a year subsequent to 1967, it would have disclosed his failure to file for 1967 (or any intervening *593 year for which a return had not been filed). We find neither argument persuasive. Petitioner's claim that he lacked the general ability to keep records does not establish the reasonable cause necessary to avoid imposition of the section 6651(a)(1) addition to tax. Reasonable cause has been defined to require the exercise of "ordinary business care and prudence" by the taxpayer. Section 301.6651-1(c), Proced. & Admin. Regs.; Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 608 (1961), affd. 302 F. 2d 42 (10th Cir. 1962). Petitioner had considerable educational and business experience. He did not claim that he could not understand that Internal Revenue Code, the requirement that he file income tax returns, or the need to keep adequate records to prepare those returns. We cannot believe that an individual with petitioner's education and business experience could not keep passable records from which returns could be filed. We believe that petitioner's failure to file returns or keep records was more a result of his not wanting to make the necessary effort. It petitioner did not want to expend the effort himself, he should have had someone do *594 it for him. Petitioner clearly did not exercise "ordinary business care and prudence." Petitioner's second argument is similarly unpersuasive. The same argument was rejected in an appeal of a conviction under section 7203 for failure to file a return, United States v. Egan,459 F. 2d 997 (2d Cir. 1974) cert. denied 409 U.S. 875 (1972), and we agree with the decision therein. Having failed to file a return for one taxable year, petitioner cannot excuse is failure to file returns for subsequent years on the grounds that a filing for a subsequent year would disclose his failure to file a return for the first year. [15] Accordingly, petitioner's failure to file returns was not due to reasonable cause, and we sustain respondent's imposition of the section 6651(a)(1) addition to tax for cash of the taxable years. We also sustain respondent's imposition of *595 the section 6653(a) addition to tax for each of the taxable years. [16] We cannot help but conclude that, at the minimum, petitioner's failure to pay a part of the underpayment for each taxable year was due to negligence. As to the increased additions to tax for 1968 for which respondent has the burden of proof, we sustain those additions to the extent they result from a $8,100 reduction in petitioner's allowable business expense deduction for 1968. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue, unless otherwise indicated.↩
2. The increase resulted from correction of an error in addition of the amounts allowed as educations for business expenses.↩
3. Petitioner also raised in his petition various criticisms of the manner in which the tax laws were administered by the Internal Revenue Service and of the impact of some of these laws. As was explained to petitioner at trial, this Court is not the proper forum in which to air such criticisms.↩
4. "Business payees," identified by petitioner, were businesses to which it would not have been unusual for petitioner to make payments in the course of his business.↩
5. As a result of the asserted decrease in the business expense deduction and the concomitant increase in petitioner's adjusted gross income, respondent also asserted an automatic adjustment to petitioner's itemized deductions and an increase in petitioner's taxable income subject to self-employment tax.↩
6. Petitioner does not contest the absence of the allowance of a home office expense deduction for the taxable years 1967-1969.↩
7. The authority of respondent to resort to the bank deposit method under circumstances as exist herein is well-recognized. See, e.g., Estate of Mary Mason v. Commissioner,64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Harper v. Commissioner,54 T.C. 1121, 1129↩ (1970).
8. It is not clear whether petitioner is also claiming a deduction for cash expenditures made other than during business travel. Because petitioner's testimony related almost entirely to business travel and because the petition is principally framed in terms of cash expenditures for business travel, we will treat petitioner's claim as one consisting entirely of business travel.↩
9. Petitioner testified that he had three sources of cash: (a) Cash retained when bank deposits were made; (b) checks written to cash; and (c) cash received when checks were written in amounts greater than the amount due the payee. ↩
10. Petitioner claimed to have records to support his travel expenses but these records were not introduced into evidence because petitioner failed to put the records into any useful order. The revenue agent also testified that petitioner showed him some records, but these too were not in any useful order.↩
11. For example, during the taxable years in issue, petitioner worked both as a salaried employee and as an independent contractor. As a salaried employee petitioner incurred business expenses for his employers which he paid in cash. Although he was not reimbursed for his expenses, petitioner could not affirmatively state that none of the expenses were unreimbursable by the employer. Reimbursable expenses incurred by an employee for which the employee does not seek reimbursement are not deductible under section 162. Kennelly v. Commissioner,56 T.C. 936, 943 (1971), affd. without opinion 456 F.2d 1335 (2d cir. 1972); Coplon v. Commissioner,277 F. 2d 534↩ (6th Cir. 1960), affirming a Memorandum Opinion of this Court. Petitioner's failure to specifically identify those expenses which were reimbursable and which he was not entitled to deduct arguably precludes any deduction. 12. As will also be discussed in connection with petitioner's arguments in opposition to the imposition of the sec. 6651(a)(1) and sec. 6653(a) additions to tax, petitioner argues that a lesser substantiation standard should be applied to him because of his inability to organize and keep records. Even assuming that petitioner lacked such ability, such a reason does not obviate the requirements of sec. 274(d).↩
12a. The discrepancy between this figure and the amount claimed in the amended answer was apparently another error in addition or subtraction.↩
13. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate * * *. Although sec. 6651 was amended by the Tax Reform Act of 1969, P.L. 91-172, sec. 943 (a), 83 Stat. 727-729. with respect to tax returns required to be filed after Dec. 31, 1969, the language as set forth above remained intact and is equally applicable to all the taxable years in issue.
14. Petitioner did not file a brief.↩
15. Furthermore, the law is well settled that a taxpayer's privilege against self-incrimination is not violated by the requirement that a tax return be filed in accordance with the Internal Revenue Code. Hosking v. Commissioner,62 T.C. 635, 639 (1974); Cupp v. Commissioner,65 T.C. 68, 79-80 (1975), affd. 559 F. 2d 1207↩ (3d Cir. 1977).
16. SEC. 6653. FALLURE TO PAY TAX. (a) Negligence or Intenntional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩