JOHN R. GORE and GERALDINE M. GORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gore v. Commissioner
Docket No. 6756-86.
United States Tax Court
T.C. Memo 1987-425; 1987 Tax Ct. Memo LEXIS 422; 54 T.C.M. (CCH) 279; T.C.M. (RIA) 87425; August 26, 1987. Robert M. Winick, for the petitioners. Steve Johnson, for the respondent. *423 PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) [1] (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755), and Rules 180, 181 and 182. [2]
Respondent determined an addition to tax under section 6651(a)(1) in petitioner's 1981 Federal income tax in the amount of $ 1,562.15. The sole issue is whether petitioners are liable for the addition to tax for filing a delinquent income tax return. Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated herein by this reference. During the year in issue, and at the time they filed their petition in this case, petitioners were husband and wife and resided in Hobart, Indiana. During 1981 and preceding years petitioner John Gore was a shareholder in three corporations. [3]
*424 Certain Federal income tax returns of these entities, and of their shareholders, were subject to an examination by respondent from July of 1981 through December of 1982. Petitioners were represented in the examination by their tax advisor, David S. Swan, Jr. (hereinafter Swan), a licensed C.P.A. Swan began working for petitioners in 1976 and has considerable experience dealing with representatives of the Internal Revenue Service. During the course of the examination Swan became concerned that the revenue agent was expanding the income tax examination into subsequent tax years as the various returns were filed. At one point the examining agent told Swan that the only way to avoid inclusion of additional returns in the examination was to delay filing them until the examination was complete. Swan expected the agent would complete his examination in December of 1982. In an attempt to avoid including the 1981 tax year from being examined, petitioners requested an extension of time for filing their 1981 tax return until December 15, 1982. Petitioners were granted an extension until October 15, 1982. However, based on Swan's advice, petitioners delayed filing their 1981 tax return *425 beyond the extension date since the examination had not been completed. Swan advised petitioners that no addition to tax for late filing would apply since Swan expected petitioners' 1981 return to reflect no tax liability upon which the addition to tax could be based. [4] Additionally, Swan advised that such a delay would prevent the return from becoming part of respondent's ongoing examination. Petitioners filed their 1981 joint Federal income tax return on January 3, 1983, shortly after Swan was informed that the above described examination was concluded. Subsequently, petitioners' 1981 return was audited. On January 23, 1984, petitioners received Form 1902-B which explained respondent's proposed adjustments to their 1981 return. The form showed $ 20,448.28 of taxes and interest due, and an addition to tax for delinquency under section 6651(a)(1) in the amount of $ 1,562.17. Form 1902-B contains language which indicates that petitioners could consider the case closed if they were not notified of an exception to respondent's adjustments within 45 days after respondent *426 received the form. [5]
Petitioners marked through those portions of the form referring to the addition to tax for delinquency, signed the form and returned it along with a check for the total tax and interest due to the Internal Revenue Service. [6] Also enclosed was a letter from Swan stating that petitioners accepted the increase in tax but did not agree to the addition to tax for delinquency. After 45 days passed Swan believed that the matter was closed. Petitioners were informed by telephone on October 18, 1985, that respondent would assert the addition to tax for delinquency. Subsequently, respondent issued a notice of deficiency on December 17, 1985. Section 6651(a)(1) provides for a 5 percent addition *427 to tax for each month a taxpayer is delinquent in filing his tax return, not to exceed 25 percent in the aggregate. To avoid the addition to tax, petitioner has the burden to prove both (1) that the failure to file was due to "reasonable cause," and (2) that the failure to file did not result from willful neglect. Sec. 6651(a); . . Petitioners admit that they filed a delinquent tax return for 1981, but assert that they did so in a reasonable reliance upon the advice of their tax advisor that no tax would be due for 1981. Petitioners point out that it was not until after they filed their 1981 return that they became aware that taxes were due. This argument was rejected in , wherein on the advice of a tax advisor that no timely return need be filed because the taxpayers would incur no additions to tax because they had no tax liability, we found the taxpayers' reliance on the advice to the unreasonable. The advisors did not advise taxpayers that no return was due, nor that timely filing was not necessary, *428 but only that no additional tax for failure to file would be incurred. The advice given turned out to be wrong because of the deficiencies determined by the Commissioner, and we found that the taxpayers had to bear the burden of this error. . Here, the same situation exists and petitioners must bear the burden of this error. We point out that this is different from the situation where a tax advisor counsels, even erroneously, that no return need be filed. Such reliance can, in a given instance, constitute reasonable cause. . Petitioners are not excused from filing a delinquent return because their advisor recommended they delay filing to avoid an income tax examination of the return. Petitioners knew that their extension lasted only until October 15, 1982, and purposely waited until January 3, 1983, to file their return. Petitioners, therefore, willfully neglected to file a timely income tax return and are liable for the addition to tax for delinquency under section 6651(a)(1). Petitioners claim that respondent should be estopped from asserting the addition *429 to tax in this action because he failed to object to the altered Form 1902-B within 45 days of its receipt. Respondent argues that several of the elements of estoppel are not present here. We agree with respondent. The elements usually required to apply the doctrine of estoppel are (1) a misrepresentation or concealment of material fact; (2) actual or imputed knowledge of that fact by the party to be estopped; (3) absence of knowledge of such fact by the party seeking to invoke estoppel; (4) an intention or expectation of the party to be estopped that the representation or concealment will be acted upon by the other party; (5) action in reasonable reliance by the party seeking the estoppel; and (6) such reliance must case the party seeking estoppel to change position to his detriment. (1979(; . Further, we proceed with the utmost of caution when applying the doctrine of estoppel against the government because the policy of efficient revenue collection outweighs the policy of the estoppel doctrine in its usual and customary context. *430 . Respondent argues that it was unreasonable for petitioners to rely on the preprinted language after they altered the form. We agree. Once petitioners rejected a material term of respondent's offer, they had no reasonable basis for assuming that respondent could be held to the remaining terms of the proposal. The language of the form does not indicate that petitioners could choose among the terms offered by respondent. Additionally, respondent never took any action that would indicate acceptance of the changes made by petitioners. Accordingly, we find that petitioners' reliance on the preprinted language of the form was unreasonable. Finally, respondent argues that petitioners' failure to file an administrative protest is not a sufficient detriment to trigger estoppel against the government. We agree. See . Petitioners have failed to show that the issue would have been favorably resolved had there been an appeals conference. In light of the foregoing discussion, we find that it would be inappropriate to apply the doctrine of estoppel against *431 the government in this case. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. John Gore owned 100% of Gore Realty, John and George Gore were each 50% owners of Flaherty Realty, Inc. and John Gore and William Rosenbower each owned 50% of Builders and Developers, Inc.↩
4. It was later determined that petitioners did owe taxes for the 1981 tax year under section 1362(d)(3). ↩
5. The following language appears on form 1902-B: ALTHOUGH THIS REPORT IS SUBJECT TO REVIEW, YOU MAY CONSIDER IT AS YOUR NOTICE THAT YOUR CASE IS CLOSED IF YOU ARE NOT NOTIFIED OF AN EXCEPTION TO THESE FINDINGS WITHIN 45 DAYS AFTER A SIGNED COPY OF THIS REPORT OR A SIGNED WAIVER, FORM 870, IS RECEIVED BY THE DISTRICT DIRECTOR. ↩
6. We note that submission of the altered form does not qualify as a closing agreement as it was not an approved agreement under sec. 7121. ↩