**Larry COOPER and Sandra Cooper, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 91–1009(JCL).**

United States District Court,
D. New Jersey.

Feb. 4, 1993.

Stephen Edward Lampf, Lampf, Lipkind, Prupis, Petigrow & Labue, West Orange, NJ, for plaintiffs.

Susan C. Cassell, U.S. Attorney's Office, Civil Div., Newark, NJ, for U.S.

## MEMORANDUM AND ORDER

LIFLAND, District Judge.

This matter comes before the Court on cross-motions for summary judgment by plaintiffs Sandra Cooper and Larry Cooper ("plaintiffs") and by defendant United States of America ("United States"). Plaintiffs commenced the instant action seeking a refund of late filing penalties and late payment penalties assessed by the Internal Revenue Service ("IRS") and paid by plaintiffs concerning the tax years 1982 through 1986.

### BACKGROUND

The relevant facts are not in dispute. In 1982, plaintiff Larry Cooper became the subject of a criminal investigation by the IRS. In January of 1983, the IRS commenced an audit of the plaintiffs' 1980 tax year; the audit subsequently was expanded to include the tax years 1979 and 1981.

In 1982, plaintiffs retained Stephen Lampf ("Lampf"), a tax attorney, to advise them during the course of the IRS audit and investigation. Because of the ongoing criminal investigation, plaintiffs were advised by Lampf not to file any additional federal income tax returns until the conclusion of the criminal investigation because of concerns relating to the Fifth Amendment to the United States Constitution.

Lampf, a certified public accountant as well as an attorney, is a former IRS revenue agent and appeals officer who has been in private practice for twenty-one years concentrating in federal tax matters. It is undisputed that Lampf advised plaintiffs not to file any returns for the tax years in question.

In August of 1986, the Newark District Counsel's Criminal Investigation Division recommended prosecution of plaintiff Larry Cooper for alleged violations of 26 U.S.C. § 7201; at this time, Larry Cooper was notified that the IRS was recommending the consideration of criminal charges. On April 7, 1987, a two-count indictment was returned against Larry Cooper charging him with income tax evasion under 26 U.S.C. § 7201 for underreporting his income for the tax years 1980 and 1981. Cooper subsequently pleaded guilty to one count of tax evasion and was ordered, *inter alia*, to pay a fine of $5,000.00, all taxes, penalties and interest for 1980 and 1981, and to file tax returns for 1982 through 1986.

Following the conviction and sentencing of Larry Cooper, plaintiffs filed their joint tax returns for the tax years 1982 through 1986, and paid the taxes due. The IRS issued statutory notices of deficiency to plaintiffs between March 14, 1988 and May 23, 1988 assessing penalties for failure to file tax returns, failure to pay taxes, underestimation of tax payments due, and statutory interest relating to the 1982 through 1986 tax years.

By letter dated June 10, 1988, plaintiffs, through Lampf, requested that the penalties be abated because plaintiffs relied at all times upon the advice of their tax attorney not to file any tax returns until the conclusion of the criminal investigation. In July, 1988, the IRS denied plaintiffs' request for an abatement, concluding that plaintiffs' failure to file returns was not the result of "reasonable cause." In September, 1988, plaintiffs paid $81,770.56 in penalties.

On March 11, 1991, plaintiffs filed the instant action seeking a refund of the amounts paid as penalties. Plaintiffs argue that their failure to file tax returns and to timely pay taxes was the result of reasonable cause and not of willful neglect, entitling them to a refund of the late filing and late payment penalties assessed by the Internal Revenue Service.

### DISCUSSION

■ Delinquency penalties are imposed upon taxpayers pursuant to 26 U.S.C. § 6651(a)(1) for failure to timely file income tax returns and pursuant to 26 U.S.C. § 6651(a)(2) for failure to pay the proper tax due on a return, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a). The burden of establishing reasonable cause and lack of willful neglect is on the taxpayer, as the penalty is collected as an addition to the tax set forth in the Commissioner's notice of deficiency, which is presumptively correct. *See Welch v. Helvering,* 290 U.S. 111, 114, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Sanderling v. Commissioner,* 66 T.C. 743, 757 (1976).

Initially, it must be noted that the Fifth Amendment does not excuse an individual from filing a tax return. In *United States v. Sullivan*, the Supreme Court stated that "[i]f the form of return provided calls for answers that the defendant was privileged from making he could have raised the objection in the return, but he could not on that account refuse to make any return at all." 274 U.S. 259, 263, 47 S.Ct. 607, 607, 71 L.Ed. 1037 (1927). *See also Garner v. United States*, 424 U.S. 648, 650, 96 S.Ct. 1178, 1180, 47 L.Ed.2d 370 (1976). The Third Circuit has also addressed this issue, noting that

> [o]ne who uses the Fifth Amendment to protect his refusal to provide the disclosures required in a tax return should confine that use to specific objections to particular questions on the return for which a valid claim of privilege exists. He may not use the Fifth Amendment to draw a "conjurer's circle" around the obligation to file a return.

*United States v. Edelson*, 604 F.2d 232, 234 (3d Cir.1979).

The Fifth Amendment privilege therefore extends only to a taxpayer's refusal to respond to questions included in the tax return, and does not permit a taxpayer to refuse to file a return at all. *See Lilley v. Commissioner*, 58 T.C.M. (CCH) 1517, 1990 WL 16904 (1990); *United States v. Egan*, 459 F.2d 997 (2d Cir.1972), *cert. denied* 409 U.S. 875, 93 S.Ct. 123, 34 L.Ed.2d 127 (1972). Thus, the advice provided to plaintiff by Lampf was plainly contrary to well-established law.

Plaintiffs assert, however, that they delayed filing their tax returns based solely on the basis of Lampf's advice to assert a Fifth Amendment privilege, and that this advice, regardless of its correctness, constituted reasonable cause under 26 U.S.C. §§ 6651(a)(1) and (a)(2).

In *United States v. Boyle*, 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), the Supreme Court addressed the issue of reasonable cause in connection with a taxpayer's reliance upon professional tax advice. In *Boyle*, the Court determined that, "[t]o escape the penalty (imposed by the IRS), the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect' and (2) that the failure was 'due to reasonable cause.'" *Boyle*, 469 U.S. at 245, 105 S.Ct. at 689–690.

As noted by the Supreme Court, "[t]he meaning of these two standards has become clear over the near–70 years of their presence in the statutes. As used here, the term 'willful neglect' may be read as meaning a conscious, intentional failure or reckless indifference. [citations omitted] Like 'willful neglect,' the term 'reasonable cause' is not defined in the Code...." *Boyle*, 469 U.S. at 245–246, 105 S.Ct. at 690. To demonstrate "reasonable cause" under § 6651, a taxpayer must demonstrate that he "exercised ordinary business care and prudence," but nevertheless was "unable to file a return within the prescribed time." *Id.;* 26 C.F.R. § 301.-6651–1(c)(1) (1984).

Plaintiffs assert that their reliance upon the erroneous advice of Lampf that they not file any tax documents whatsoever for the years 1982 through 1986 was "reasonable," entitling plaintiffs to a refund of the late filing and late payment penalties assessed by the IRS and paid by plaintiffs. In support of this contention, plaintiffs cite a number of cases in which reasonable cause was found to exist where taxpayers acted on the advice of accountants and attorneys. None of these cases, however, involves a taxpayer who, on the express advice of an accountant or attorney, purposefully failed to file a tax return on the grounds of a perceived Fifth Amendment privilege.

The parties indicate that apparently no Court has been asked to consider the reasonableness of a taxpayer's reliance upon an attorney's advice not to file a tax return during an active IRS investigation because of Fifth Amendment concerns. Accordingly, plaintiffs and defendant cite numerous cases in which federal courts have found the presence or absence of reasonable cause in connection with taxpayer reliance upon the advice of attorneys and accountants in various other contexts.

For example, both parties rely upon the Third Circuit's decision in *Sanderling v. Commissioner*, 571 F.2d 174 (3d Cir.1978).

*Sanderling* involved the reliance of a corporate taxpayer upon its accountant to determine when tax returns were due following the dissolution of the corporation. Although the accountant erroneously determined the filing date, the Third Circuit found that reasonable cause existed where "the IRS itself showed less than precision in fixing the filing date." *Id.* at 178. The Third Circuit noted that

> [t]he inquiry is not concluded merely by showing that the accountant apparently chose the wrong date. Rather, the issue is whether the correct due date was so uncertain that the taxpayer was reasonable in relying on the professional advice.

*Id.* No such uncertainty as to the ordinary due date for federal income tax returns, presumably known to all responsible taxpayers to fall on April 15, exists in the instant case.

Each party also relies upon *Lilley v. Commissioner*, 58 T.C.M. 1517, 1990 WL 16904 (1990). In that case, the court merely noted that "if a taxpayer reasonably relies upon an attorney's substantive legal advice that he is not required to file a tax return, that reliance constitutes reasonable cause within the meaning of sections 6651 and 6653, even if that advice is incorrect." *Id.* at 1519. The court did not reach the issue relating to the reasonableness of the taxpayer's reliance, intimating only its belief that an experienced tax attorney would not have given such clearly erroneous advice. *Id.*

The Court is cognizant of the conflicting public policies implicated in cases of this sort. As explained by the Supreme Court, "[c]ourts have frequently held that 'reasonable cause' is established when a taxpayer shows that he reasonably relied on the advice of an accountant or an attorney that it was unnecessary to file a return, even when that advice turned out to have been mistaken." *United States v. Boyle*, 469 U.S. 241, 250, 105 S.Ct. 687, 692, 83 L.Ed.2d 622 (1985). "The rationale behind this rule is that it is reasonable for the taxpayer to rely on the substantive advice of the professional." *Jackson v. Commissioner*, 864 F.2d 1521, 1527 (10th Cir.1989), *citing Id.* 469 U.S. at 251, 105 S.Ct. at 692. Requiring the taxpayer to confirm professional advice "might nullify the very purpose of seeking advice in the first place." *United States v. Boyle*, 469 U.S. 241, 251, 105 S.Ct. 687, 693, 83 L.Ed.2d 622 (1985). Under ordinary circumstances, reasonable reliance upon the substantive advice of an accountant or attorney may be consistent with the "ordinary business care and prudence" required under the Treasury Regulations. *Id.*; Treas. Reg. § 301.6651.

On the other hand, the advice of a presumed expert may be erroneous. "[O]ur system of self assessment in the initial calculation of a tax simply cannot work on any basis other than one of strict filing standards. Any less rigid standard would risk encouraging a lax attitude toward filing dates." *Boyle*, 469 U.S. at 249, 105 S.Ct. at 691 [footnote omitted].

Additionally, the Court notes that in *Boyle*, upon which plaintiffs rely heavily to support their contention that "a taxpayer is entitled to rely on incorrect advice from an expert advisor," [Plaintiff's Reply Brief at 6], the Supreme Court stated that

> one does not have to be a tax expert to know that taxes must be paid when they are due. In short, tax returns imply deadlines. Reliance by a person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute ... It requires no special training or effort to ascertain a deadline and make sure that it is met. The failure to make a timely filing is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1).

*Boyle* at 251–252, 105 S.Ct. at 693.

■ A taxpayer may only establish the existence of "reasonable cause" when the taxpayer demonstrates that his reliance on the erroneous advice of an accountant or attorney was reasonable. The record indicates that plaintiffs made no efforts to secure an extension from the IRS, but merely accepted unquestioningly the facially extraordinary advice that they need not file any tax documents whatsoever for an indefinite period of time. Under the instant circumstances, plaintiffs have not met their burden of estab-

lishing the reasonableness of their reliance upon Lampf's clearly erroneous advice.

■ Moreover, plaintiffs entirely fail to address the issue of "willful neglect." As noted, *supra*, the Supreme Court has defined "willful neglect" under § 6651 as a "conscious, intentional failure or reckless indifference." *See United States v. Boyle*, 469 U.S. 241, 245, 105 S.Ct. 687, 690, 83 L.Ed.2d 622 (1985). In the instant case, plaintiffs made a voluntary and conscious decision to file their tax returns up to four years late. Plaintiffs were aware that they must file returns at some point for the tax years 1982 through 1986, and made the conscious decision to avoid possible immediate criminal liability by delaying the filing of these returns.

The instant facts are similar to those addressed in *Gore v. Commissioner*, 54 T.C.M. (CCH) 279, 1987 WL 40503 (1987), in which taxpayers, on advice of their accountant, delayed filing tax returns beyond an extension date granted by the IRS in order to prevent the returns from become the subject of an ongoing IRS investigation. After the examination was completed, taxpayers filed their returns in an untimely fashion. In contesting penalties assessed by the IRS, plaintiffs argued that their reliance on their accountant's advice constituted "reasonable cause;" the Tax Court rejected taxpayers' argument, finding that taxpayers had willfully neglected to timely file their return, stating:

> Petitioners are not excused from filing a delinquent return because their advisor recommended they delay filing to avoid an income tax examination of the return. Petitioners knew that their extension lasted only until October 15, 1982 and purposefully waited until January 3, 1983 to file their return. Petitioners therefore willfully neglected to file a timely income tax return.

*Id.* at 280. In a similar fashion, plaintiffs in the instant case voluntarily and consciously chose to file their tax returns late. Plaintiffs have therefore failed to meet their burden of demonstrating that their failure to file and pay income taxes was not the result of "willful neglect."

In sum, while Lampf's advice may have been prudent as to plaintiff Larry Cooper's potential criminal liability, it was obviously incorrect with regard to civil delinquency penalties, and plaintiffs have failed to demonstrate that their reliance upon this advice was reasonable. Additionally, the Court finds that plaintiffs willfully neglected to file returns for these years and to pay the taxes due in a timely fashion. Accordingly,

**IT IS** on this 4th day of February, 1993 **ORDERED** that defendant's motion for summary judgment is granted.

**IT IS** further **ORDERED** that plaintiffs' cross-motion for summary judgment is denied.