**UNITED STATES of America,
Appellee,**

v.

**Jerome DALY, Appellant.**

**No. 73–1059.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1973.

Decided July 20, 1973.

Rehearing Denied Aug 9, 1973.

thereto, more or less technical violations, or possession for personal use, which in-

volves the least severe penalties of all." *Id.* at p. 4576.

Jerome Daly, pro se.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before VOGEL and VAN OOSTERHOUT, Senior Circuit Judges, and ROSS, Circuit Judge.

PER CURIAM.

This is an appeal from a jury verdict finding the defendant Daly guilty of wilfully failing to file an income tax return for the years 1967 and 1968, in violation of 26 U.S.C.A. § 7203.

It is stipulated that defendant, formerly an attorney, received over $6,000.-00 in legal fees in 1967 and more than $10,000.00 in 1968.

Defendant filed what he contends are tax returns for each of the years involved. On the return blanks he supplied his name, address, occupation and signature and a notification "See exhibit A attached hereto." Exhibit A objects to the income tax law as being unconstitutional and states that the taxpayer cannot fill out any of the information sought by the return without waiving his constitutional right against self-incrimination. The purported returns were returned to him because they were found not to be returns required by the law and the regulations in that they were not filled out to include any information as to income or

expenses. Purported amended returns were filed substantially the same as the originals which again failed to set out any information with respect to income or expenses, and again asserted defendant's constitutional right to protection against self-incrimination. Defendant for a reversal relies upon the following points:

1. Defendant's filing of returns containing no information relating to income or expenses was nonetheless sufficient to comply with the § 7203 requirement that he "make a return".

2. The Fifth Amendment excuses defendant from answering all questions on the return relating to income and expenses.

3. A subpoena directed against the IRS was erroneously quashed.

4. The district court erroneously refused to instruct the jury on the definition of a dollar.

5. Defendant's criminal prosecution was illegal because it should have been preceded by some form of administrative action.

We find all of defendant's contentions lack merit for the reasons hereinafter stated, and affirm the conviction.

Defendant's first contention is answered by United States v. Porth, 426 F.2d 519 (10th Cir. 1970), where the court held:

"A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner. 10 Mertens, the Law of Federal Income Taxation, § 55.22 (1964 Revision); Florsheim Bros. Dry Goods Co. v. United States, 280 U.S. 453, 462, 50 S.Ct. 215, 74 L.Ed. 542 (1930); Sanders v. Commissioner of Internal Revenue, 225 F.2d 629 (10th Cir. 1955), cert. denied, 350 U.S. 967, 76 S.Ct. 435, 100 L.Ed. 839 (1956); National Contracting Co. v. Commissioner of

Int. Rev., 105 F.2d 488 (8th Cir. 1939)." 426 F.2d at 523. *See also* Virginia L. Reiman, T.C.Memo 1968–117.

██ Defendant's second contention involves the scope of his Fifth Amendment protection against self-incrimination. Defendant sees himself in a cruel trilemma: If he filed and answered questions truthfully he would be incriminating himself; if he filed and answered questions untruthfully he would be subjecting himself to a perjury charge; if he failed to file returns he would be committing a crime. *Cf.* United States v. Egan, 459 F.2d 997 (2d Cir. 1972). The chief error in defendant's position is his blanket refusal to answer any questions on the returns relating to his income or expenses for the years in question. "[E]ven [if a particular] question was incriminating, since the government has a substantial interest in its tax revenues, appellant's privilege would relate only to his refusal to respond to the question, not to a total failure to file the return." United States v. Egan, *supra* at 998. As previously suggested, defendant's conduct in this case amounts to "a total failure to file." If the return called "for answers that the defendant was privileged from making he [may raise] the objection in the return, but could not on that account refuse to make any return at all." United States v. Sullivan, 274 U.S. 259, 263, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). In an analogous situation involving this same defendant's "blanket Fifth Amendment objection to an inquiry and interrogation by the Internal Revenue Service" this court held "that the taxpayer, 'cannot assert the privilege to every question asked by the examiner, most of which are innocuous on their face.'" Heligman v. United States, 407 F.2d 448, 450 (8th Cir. 1969), citing Daly v. United States, 393 F.2d 873 (8th Cir. 1968).

In Heligman v. United States, *supra,* this court stated:

"[T]he taxpayer is not the final arbiter of the privilege. The privilege must be specifically claimed *on a particular question* and the subject matter submitted to the court for its determination as to the validity of the claim.

"The defendant here, however, claims a blanket privilege against the mere *making or filing of the return.*

\*    \*    \*    \*    \*    \*

"The public need for requiring voluntary disclosures of income transcends any personal right to thwart national objectives by allowing an undisclosed self-determination of possible incrimination, thus excusing compliance with the income tax laws. We, therefore, hold that the Fifth Amendment privilege against incrimination does not extend to defendant's failure to file. . . ." 407 F.2d 450–451, 452 (emphasis added). *See also* California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971); United States v. MacLeod, 436 F.2d 947 (8th Cir. 1971).

Defendant has made no reasonable showing with respect to how the disclosure of the amount of legal fees he received during the years in question, as shown by the stipulation made at the trial, could possibly incriminate him.

██ Defendant's third contention is wholly without merit. The subpoena in question was clearly overbroad, unreasonable, oppressive, and lacking in particularity and relevance.

██ Defendant's fourth contention involves his seemingly incessant attack against the federal reserve and monetary system of the United States. His apparent thesis is that the only "Legal Tender Dollars" are those which contain a mixture of gold and silver and that only those dollars may be constitutionally taxed. This contention is clearly frivolous. See Koll v. Wayzata State Bank, 397 F.2d 124 (8th Cir. 1968).

██ Defendant's fifth contention is that his criminal prosecution is illegal because it was not preceded by some form of administrative action. Defendant cites no apposite authority for this proposition. We are unable to discover

any authority to support this proposition.

The judgment appealed from is affirmed.