**UNITED STATES of America and Robert Lake, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Masako HORI, Assistant Operations Officer, Bank of America, and Bank of America, Respondents,**

v.

**Stanton E. GILLESPIE, Intervenor.**

**No. CV 79–1338–AAH.**

United States District Court, C. D. California.

May 22, 1979.

Andrea Sheridan Ordin, U. S. Atty., C. D. California, Charles H. Magnuson, Asst. U.

S. Atty., Chief Tax Div. and Neal O. Abreu, Asst. U. S. Atty., Los Angeles, Cal., for petitioners.

Stanton E. Gillespie, pro per.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This matter came on for hearing on the Petition of the United States of America and Special Agent Robert Lake to Enforce an Internal Revenue Summons, before the Honorable A. Andrew Hauk, United States District Judge on May 7, 1979. The Court, having considered the pleadings, briefs, memoranda, the oral testimony of Special Agent Robert Lake, as well as oral arguments and being fully advised in the premises, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

#### I

Robert Lake is a Special Agent employed in the Criminal Investigation Division of the Office of the District Director of Internal Revenue in Los Angeles, California, with a post of duty at 16941 Keegan Avenue, Carson, California.

#### II

On December 19, 1978, Special Agent Robert Lake issued an Internal Revenue Summons to the Bank of America, 2136 East First Street, Los Angeles, California, with respect to the income tax liabilities of Intervenor, Stanton E. Gillespie, for the years 1973 through 1977, inclusive.

#### III

The aforementioned Internal Revenue Summons was issued pursuant to and in accordance with 26 U.S.C. § 7602, and in accordance with Internal Revenue Service procedures.

#### IV

On December 19, 1978, Special Agent Robert Lake served a copy of the summons upon Masako Hori, Assistant Operations Officer of the Bank of America, at 2136 East 1st Street, Los Angeles, California, directing respondent, Bank of America, to testify and to produce for examination the following books and records:

All records for the period beginning January 1, 1973, and ending December 31, 1977, pertaining to the financial transactions of Stanton E. Gillespie and Carolina T. Gillespie including but not limited to signature cards, bank statements, ledger sheets, deposit tickets and items withdrawal tickets, cashier's checks, financial statements, loan records and all pertinent microfilm records.

Said summons was served pursuant to and in accordance with 26 U.S.C. § 7602, and in accordance with Internal Revenue Service procedures. For the convenience of the bank, the summons was to be returned on January 9, 1979, at the bank's office.

#### V

The aforesaid summons was issued and served for the purpose of determining the correct federal income tax liabilities of Intervenor, Stanton E. Gillespie, for the years 1973 through 1977, inclusive, Gillespie having failed to file income tax returns for those years.

#### VI

In accordance with the provisions of 26 U.S.C. § 7609, notices of the aforesaid summons and copies of the summons were sent to Stanton E. Gillespie and Carolina T. Gillespie by certified mail on December 19, 1978.

#### VII

Upon instructions from the Intervenor, and in accordance with 26 U.S.C. § 7609, respondent, Bank of America, failed to comply with the summons.

## VIII

The Internal Revenue Service has not abandoned the civil aspects of Intervenor's income tax liabilities for the years 1973 through 1977, inclusive.

## IX

The Internal Revenue Service has made no recommendation to the Department of Justice with respect to criminal prosecution of the Intervenor for the years 1973 through 1977, inclusive.

## X

The aforesaid Internal Revenue summons was issued for the legitimate purpose of determining Intervenor's income tax liabilities for the years 1973 through 1977, inclusive. The records sought in the summons are not already within the possession of the Internal Revenue Service, and the administrative steps required by the Internal Revenue Code have been followed. The summons was not issued for an improper purpose such as to harass the Intervenor or to put pressure on him to settle a collateral dispute.

## XI

Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated in the conclusions of law.

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction to enforce the instant Internal Revenue summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).

### II

■ The Internal Revenue Service has made no recommendation to the Department of Justice with respect to a criminal prosecution of the Intervenor, Stanton E. Gillespie, for the years 1973 through 1977, inclusive (*United States v. La Salle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978)).

## III

This summons was issued in good faith in pursuit of the congressionally authorized purposes of 26 U.S.C. § 7602 (*United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)).

## IV

The Internal Revenue Service has not abandoned in an institutional sense the pursuit of civil tax determination with respect to Intervenor's income tax liabilities for the years 1973 through 1977, inclusive. (*United States v. La Salle National Bank, supra.*)

## V

Intervenor has failed to meet his burden of disproving the actual existence of a valid civil tax determination by the Internal Revenue Service. (*United States v. La Salle National Bank, supra*).

## VI

Intervenor's contention that this Court lacks jurisdiction to enforce the summons is without merit. (26 U.S.C. §§ 7402(b) and 7604(a)).

## VII

■ Intervenor's contention that he has no income tax liabilities for the years 1973 through 1977, inclusive, because there has been no constitutional money in circulation since March 18, 1968, is without merit. (*United States v. Wangrud*, 533 F.2d 495 (9th Cir. 1976), *cert. den.* 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976); *United States v. Daly*, 481 F.2d 28 (8th Cir. 1973).

## IX

Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated in the findings of fact.