HELMUT F. FROEBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Froeber v. Commissioner
Docket No. 13781-80.
United States Tax Court
T.C. Memo 1982-81; 1982 Tax Ct. Memo LEXIS 666; 43 T.C.M. (CCH) 576; T.C.M. (RIA) 82081; February 17, 1982; Amended February 19, 1982 Helmut F. Froeber, pro se. Jordan Weiss, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. FINDINGS OF FACT AND OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency of $ 7,672 in petitioner's 1977 Federal income tax. In his answer to amended petition, respondent asserted that petitioner is liable for the addition to tax provided by section 6653(a)(1) [1] and for damages as provided by section 6673. *667 The issues for decision are (1) Whether all or part of the underpayment of petitioner's tax was due to negligence or intentional disregard of the rules and regulations; and (2) whether this action was instituted solely for purposes of delay such that petitioner is liable for damages as provided by section 6673.
Petitioner resided in Westminster, California, at the time the petition was filed in this case. In April 1978, petitioner filed a Form 1040 for the year 1977. Petitioner provided no information on the form with respect to his income and deductions for the year 1977, but instead inserted the words "Object: Self incrimination." On April 29, 1977, petitioner filed a withholding exemption certificate with his employer, certifying under penalties of perjury that he had no income tax liability for 1976 and anticipated no tax liability for the year 1977. As a result of petitioner's filing the form, no income taxes were withheld from petitioner's wages during the year 1977. Respondent determined, and we find as a fact, that petitioner had wage income of $ 29,478, and interest income of $ 55 for the year 1977. The petition sets forth numerous Constitutional and statutory *668 arguments to the effect that petitioner's wages do not constitute income. By order dated December 1980, this Court granted respondent's motion to strike the statutory and Constitutional arguments set forth in the petition. After filing the petition, petitioner filed numerous motions including a "Motion to Compell [sic] the United States Tax Court to Perform Its Duty"; a "Motion For Summary Judgment"; a "Request To Take Judicial Notice"; a "Motion to Strike"; and a "Motion For Default." All of these motions were determined by the Court to be without merit and were denied. Section 6653(a)(1) - Addition to Tax
Section 6653(a)(1) provides a five percent addition to an underpayment where any portion of the underpayment is determined to be due to the taxpayer's negligence or intentional disregard of the rules and regulations. In this case, respondent did not assert the addition to tax in his statutory notice of deficiency, but asserted it for the first time in his answer to the amended petition. Accordingly, respondent has the burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. We conclude that respondent has satisfied that burden. *669 In reaching this conclusion, we have considered the following. First, during the tax year 1977, petitioner filed an exemption certificate stating that he anticipated he would have to tax liability for the year 1977. This resulted in no withholding from petitioner's wages. Petitioner claimed his wages should be exempt from withholding, even though the evidence is clear that petitioner expected to have substantial income during the year, and he did not realistically expect to have deductions or exemptions which would eliminate his entire tax liability. Rather, petitioner obviously filed the exemption certificate pursuant to a plan to avoid payment of any taxes on his 1977 income. Pursuant to this plan, petitioner filed a Form 1040 for the year 1977 reporting no income, deductions, or tax liability, but simply asserting petitioner's alleged Fifth Amendment Constitutional privilege. The end result of the plan was that petitioner paid no taxes and provide no information to the respondent upon which a calculation of petitioner's tax liability could be made, but rather placed the burden upon respondent to make an independent determination as to petitioner's tax liability. We believe *670 these circumstances clearly demonstrate petitioner's blatant disregard for the rules and regulations which require him to report his wages, deductions, and resulting tax liability on his return. Petitioner attempts to avoid imposition of the addition to tax with the argument that he in good faith believed he could assert a blanket Fifth Amendment claim on the return. However, this argument does not serve to explain why petitioner filed an exemption certificate during the year 1977, other than for the purpose of avoiding payment of his taxes.Moreover, petitioner purports to be well versed on the law, and throughout these proceedings he has cited many court cases involving the Fifth Amendment, such as United States v. Sullivan,274 U.S. 259 (1927). These cases very clearly hold that an individual may not merely make a "blanket" Fifth Amendment assertion in response to government information requests made in a noncriminal context, but may only rely upon the Fifth Amendment in relation to specific information which the individual realistically believes could lead to incrimination. See also United States v. Daly,481 F.2d 28 (8th Cir. 1973). In this case, *671 petitioner has shown no reason whatsoever as to why he believed that providing any of the information called for on the tax return could reasonable be expected to incriminate him in a criminal proceeding. Indeed, based upon petitioner's testimony, it is obvious that petitioner simply asserted the Fifth Amendment for the sole purpose of avoiding payment of his taxes. Accordingly, we sustain respondent's determination regarding the deficiency and the addition to tax. Section 6673 - Damages
Many cases have disposed of Constitutional and statutory arguments similar to those made by petitioner in this proceeding. See, e.g., Reiff v. Commissioner, 77 T.C.     (Nov. 30, 1981) and cases cited therein. Throughout the proceedings involved in this case, poetitioner has reiterated these arguments. We believe petitioner has been well aware that his arguments are frivolous, and have no probability of ultimate success. Accordingly, we conclude that respondent has shown that petitioner instituted this action solely for purposes of delay and that he is therefore liable for the damages in the amount of $ 500. Conclusion
For the reasons set forth above, we sustain respondent's *672 determination as set forth in the statutory notice, and we sustain respondent's assertion of the addition to tax and damages. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩