KENNETH G. MCDONALD, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonald v. Commissioner
Docket No. 5178-78
United States Tax Court
T.C. Memo 1982-239; 1982 Tax Ct. Memo LEXIS 509; 43 T.C.M. (CCH) 1289; T.C.M. (RIA) 82239; May 3, 1982. Kenneth G. McDonald, Jr., pro se. William H. Quealy, Jr., for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Taxable Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
1972
$ 1,729
$ 432
$ 160
1973
2,974
744
149
1974
698
175
35
*511 The issues presented here for our decision are: (1) whether assessment for the taxable years 1972 and 1973 is barred by the statute of limitations; (2) whether petitioner is liable for the deficiencies; (3) whether petitioner is liable for the addition to tax under section 6651(a); and (4) whether petitioner is liable for the addition to tax under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed in this case, Kenneth G. McDonald, Jr. resided in Ocean City, New Jersey. During the years in issue, Kenneth was employed as a truck driver by Matlack, Inc., of Lansdowne, Pennsylvania. Petitioner received, as wages from his employment with Matlack, Inc., checks drawn upon the corporate bank account of Matlack, Inc., and denominated in "dollars." The checks accumulated to the following amounts: Year
Amount
1972
$ 15,179
1973
15,710
1974
6,148
Petitioner "negotiated" *512 these checks in the year in which they were received by him. In exchange for these checks, petitioner received either goods and services or United States currency. For the taxable year 1972, petitioner filed Form 1040 to which he made substantial alterations. After filling in his name, address, and social security number, and checking the filing status box labeled "single," petitioner began writing across the form. [2] His inscriptions read: OBJECTIONS TO FORM OF RETURN 1. INVASION OF PRIVACY IN VIOLATION OF THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION. 2. POSSIBLE SELF INCRIMINATION IN VIOLATION OF THE 5TH AMENDMENT TO THE UNITED STATES CONSTITUTION. 3. I HAVE HAD NO INCOME IN VALID CONSTITUTIONALLY LAWFUL DOLLARS $ $ $ REDEEMABLE IN GOLD AND SILVER--ARTICLE I, SECTION 10, U.S. CONSTITUTION. 4. I OBJECT TO THIS FORM AND PAST 1040 FORMS BECAUSE *513 THEY INTERFERE WITH, AND OBSTRUCT, MY DUTIES AND RIGHTS UNDER THE DECLARATION OF INDEPENDENCE OF 1776 AND THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 8 AND 10 AND AMENDMENTS IV, V, VI, IX AND X. Kenneth drew vertical lines through all of the boxes in which the numerical amounts of income, deductions, credits and taxes were intended to be entered. No such amounts were entered anywhere on the form. Additionally, petitioner expunged a question inquiring as to foreign accounts. Kenneth signed and dated the form, but deleted the declaration, under penalties of perjury, that the return is, to the best of the taxpayer's knowledge and belief, accurate and complete. In its stead petitioner wrote: I DECLARE THAT I HAVE EXAMINED THIS RETURN, INCLUDING ACCOMPANYING SCHEDULES AND STATEMENTS, AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS TRUE, CORRECT AND COMPLETE; AND I HEREBY AMEND ALL MY PAST 1040 FORMS WITH THIS FORM THEREBY ABROGATING ALL INFORMATION WHICH MAY, OR MAY NOT, BE PERFECTLY ACCURATE. The 1040 forms which petitioner filed for 1973 and 1974 were almost identical with the 1972 form. On the 1973 document "NONE" was entered for "wages, salaries, tips and other *514 employee compensation," "dividends," "interest income," "income other than wages, dividends and interest," "adjustments to income," "total credits," and "total Federal income tax withheld." In his statutory notice of deficiency, respondent determined that petitioner had unreported income from wages in the amounts set forth above and increased his taxable income accordingly. Respondent then decreased taxable income to account for itemized deductions and exemptions to which Kenneth would be entitled. OPINION Issue 1. Statute of Limitations
Petitioner asserts that the statute of limitations has expired as respects his 1972 and 1973 taxable years. [3] Respondent counters that assessment is still timely since petitioner failed to file a return for either year. [4] We agree with respondent. *515 Generally, assessment must take place within 3 years after the filing of a return. Section 6501(a). [5] However, assessment may be made at any time if no return has been filed. Section 6501(c)(3). [6]
The only real issue raised by the parties in regard to the application of these sections is whether the documents filed by the *516 petitioner constitute returns within the meaning of section 6501. The cases definitively establish the rule that a document filed as a "return" will not be considered as such unless it contains sufficient information from which respondent can compute and assess the taxpayer's tax liability. Reiff v. Commissioner,77 T.C. 1169 (1981) and the cases cited therein. Additionally, in order for a Form 1040 to constitute a valid return it must be signed by the taxpayer under penalties of perjury. Cupp v. Commissioner,65 T.C. 68, 78 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). The documents filed by petitioner herein satisfied neither requirement. No data was provided concerning items of income, deduction or credit from which a computation of tax liability could be made. Nor were these documents subscribed to under penalties of perjury. Petitioner insists that he was legally within his rights in refusing to furnish the requested information, for to force him to do so would violate his right against self-incrimination under the Fifth Amendment. However, a blanket claim of Fifth Amendment protection in refusing to supply any *517 information regarding one's income will not discharge a taxpayer from his obligation to furnish the required data, particularly in a situation such as presented here where there is no evidence indicating a reasonable basis for fearing that the information sought would tend to incriminate the petitioner. See, e.g., United States v. Daly,481 F.2d 28, 30 (8th Cir. 1973); Thompson v. Commissioner, 78 T.C.     (Apr. 8, 1982). As no returns were filed for 1972 and 1973, assessments for these years are not barred by the statute of limitations but may be made at any time. Jarvis v. Commissioner, 78 T.C.     (Apr. 22, 1982); Jockey Club v. Commissioner,30 B.T.A. 670, 678 (1934). Issue 2. Deficiencies
Respondent has calculated petitioner's tax liability by including as income wages received from Kenneth's employer and subtracting therefrom his itemized deductions and exemptions. Petitioner has stipulated that he received "wages" in the amounts specified, which normally would be taxable as gross income under section 61(a)(1). Nevertheless he attempts to avoid taxation by arguing that the Federal Reserve notes received when he cashed *518 his paychecks are not "dollars." This claim is so frivolous that we feel no need to rehash the multitude of cases in which similar contentions were made. Since the petitioner has shown no specific errors in respondent's computations, we find them to be accurate and we therefore sustain the deficiencies. Issues 3 and 4. Additions to Tax
As we have already found, no returns were filed for any of the years here in issue, although petitioner was under a legal obligation to do so. Sections 6011(a) and 6012(a)(1)(A). No reasonable cause has been shown for petitioner's failure to comply with this statutory command. Accordingly, we sustain respondent's imposition of the additions to tax. Cupp v. Commissioner,supra at 81. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years here in issue.↩
2. During 1972, 1973, and part of 1974, petitioner was married to Nathalie M. McDonald. In returns Nathalie filed alone for 1972 and 1973, she selected as her filing status "married filing separately," although she failed to enter Kenneth's name and Social Security number. She filed her 1974 return as "single."↩
3. The notice of deficiency for 1974 was mailed less than 3 years following the due date for a 1974 return, and so petitioner makes no statute of limitations argument as to that year. ↩
4. Alternatively, respondent contends that the taxpayer omitted from gross income an amount in excess of 25 percent of the amount of gross income stated in the return, thus bringing into play the 6-year limitations period of sec. 6501(e). This matter was raised by respondent for the first time in his trial memorandum. We do not reach this issue since we have found that no returns were filed and therefore the statute of limitations never commenced running. Furthermore, sec. 6501(e) indicates that it does not apply where sec. 6501(c) is applicable.↩
5. Section 6501(a) provides: SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) GENERAL RULE.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. ↩
6. Sec. 6501(c)(3) provides: (c) EXCEPTIONS.-- (3) NO RETURN.--In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩