THOMAS A. MOORE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 2180-81
United States Tax Court
T.C. Memo 1983-20; 1983 Tax Ct. Memo LEXIS 763; 45 T.C.M. (CCH) 507; T.C.M. (RIA) 83020; January 13, 1983. Thomas A. Moore, Sr., pro se. Elizabeth M. Fasciana, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: This case was submitted fully stipulated pursuant to Rule 122. [1] The two stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner disputes respondent's determination of deficiencies in income tax for the years 1977, 1978, and 1979, and additions *764 to tax for each of those years under sections 6651(a), 6653(a), and 6654. [2]
Petitioner was a resident of Houma, Louisiana, at the time of filing his petition in this case. During the calendar years 1976, 1977, 1978, and 1979, petitioner was unmarried and was a self-employed physician continuously engaged in the practice of medicine in Houma, Louisiana. Petitioner timely filed a valid Federal income tax return for the taxable year 1976, showing income tax due of $7,869. That tax return was prepared by a national certified public accounting firm with offices in New Orleans, Louisiana. With respect to the years 1977 and 1978, petitioner sent to respondent Forms 1040, signed by petitioner and stating his name, address, social security number, occupation, filing status (single), exemptions (1), and signature. The remainder of the spaces on the Forms 1040 contained either "* *" or "None." Attached to the Form 1040 submitted for 1978 were *765 two statements as follows: ATTACHMENT #1 Attachment to Form 1040-U.S. Individual Income Tax Return 1978. Internal Revenue Service Center, 3651 South Interregional Highway, Austin, Texas 73301 Re: Thomas A. Moore SS#: 463 52 6794 Dear Sirs: Please note that my legal right to take the 5th Amendment objection to each and every question asked on the Form 1040 has been clearly established by the following: Garner vs. U.S. 424 U.S. 648, U.S. vs. Sullivan 274 US 259, Heligman vs. U.S. 407 F 2d 448, U.S. vs. Daly 8th Cir. No. 73-1059, Filed July 20, 1973, Counselman vs. Hitchcock 142 US 547, Hale vs. Henkel 201 U.S. 43 at page 74
Very truly yours, (signed) Thomas A. Moore Thomas A. Moore ATTACHMENT #2 Attachment to Form 1040-U.S. Individual Income Tax Return 1978. Petition for Redress of Grievances Though I have researched the situation extensively, I am unable to find any way in which I can fill out the 1040 Form enclosed in any different manner without surrendering my rights under the 5th Amendment not to act as a witness against myself. The information contained in the Privacy Act Notice *766 of the IRS instruction booklet leads me to the conclusion that I would be surrendering these rights if I acted otherwise. I offer to amend or file again if I can do so without waiving my Constitutional rights under the 4th and 5th Amendments. (signed) Thomas A. Moore Thomas A. Moore Petitioner did not file an individual Federal income tax return for the calendar year 1979. On or about April 1, 1980, petitioner filed with respondent a "Petition for Redress of Grievances," to which no written answer was made by respondent. [3]
Under date of November 5, 1980, respondent issued a notice of deficiency to petitioner, in which petitioner's income for the years 1977, 1978, and 1979 was determined by projecting income reported on petitioner's 1976 return "increased by the percentage of change in cost for physician's services as measured by the Consumer Price Index." Deductible business expenses were computed "by applying the ratio of business expenses to gross receipts as *767 reported in the 1976 year" to the gross receipts computed for 1977, 1978, and 1979 as aforesaid; and other adjustments were made based upon third party information. Taxable income determined in the notice of deficiency included items attributable to a person believed by respondent to be petitioner's spouse. The amount of income determined to be attributable to petitioner's services and those of his "spouse" was treated as community income and divided in half in determining petitioner's taxable income.The notice also determined additions to tax for failure to file returns, negligence and underpayment of estimated taxes.
In an Amendment to Answer filed herein, respondent claimed the following amounts of deficiencies and additions to tax in the alternative, in response to allegations by petitioner that he was not married during the taxable years in issue: Additions to Tax I.R.C. § Year
Income Tax
6651(a)
6653(a)
6654
1977
$20,411.50
$5,102.88
$1,020.58
$726.44
1978
22,659.70
5,664.93
1,132.99
723.37
1979
26,590.90
6,647.73
1,329.55
1,111.56
Petitioner has now stipulated that "if the Court decides that Petitioner is liable for *768 federal income taxes for the years 1977, 1978 and 1979, petitioner agrees that he would be liable for deficiencies in income tax" in the amounts set forth in the Amendment to Answer. Petitioner maintained no books or records of fees received from medical services or of expenses related to his medical practice during 1977, 1978, and 1979. Because petitioner has offered no evidence to overcome the presumptive correctness of respondent's determination and has, in fact, stipulated to the correctness of the amount computed by respondent, subject to petitioner's legal arguments, we need only decide if petitioner has raised any valid issue as to whether he is liable at all, and whether he has sustained his burden of proving that the additions to tax are unjustified. Petitioner "objects strongly to being 'lumped' into any group" and therefore takes exception to respondent's classification of him as a "tax protestor." His briefs, however, do not clearly set forth his legal argument in terms other than those used in the so-called "protestor" cases. Petitioner's brief states: It appears to the Petitioner that many sections of the Internal Revenue Code are in conflict with the basic *769 rights conferred on citizens by the Constitution. The Code, deriving its sanction for enforcement from the 16th Amendment, would therefore seem to place some sections of the Constitution in conflict with others. This seems repugnant to the intentions of the formers of the Constitution. Wherefore, the Petitioner prays that the Court will find that the Internal Revenue Service has acted on false and specious reasoning and find no deficiency in income taxes or penalties for the calendar years 1977, 1978, and 1979. Factually, petitioner argues that respondent has been inconsistent with respect to whether or not he filed income tax returns for 1977 and 1978, citing a letter from a revenue agent that states: Your income tax returns for 1977 and 1978 have been assigned to me for examination. These returns, as you have filed them, are not acceptable as income tax returns because they do not contain information required by law, and they do not comply with various provisions of the Internal Revenue Code. Review of the record discloses no semblance of a legal reason for determining that petitioner has no income tax liability except the allegation in his petition that: (e) Petitioner *770 states he had no taxable income in the years 1974 through 1979 in support of which he lists the following cases: (1) Eisner v. Macomber, 252 U.S. 189, 40 S. Ct. 189 (1920)
(2) Brushaber v. Union Pacific Railroad Company, 240 U.S. 1, 36 S. Ct. 236 (1916)
(3) Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 15 S Ct. 673 (1895)
None of those cases, however, suggests any reason why petitioner's earnings from his medical practice are not taxable. Petitioner's arguments, to the extent that they can be inferred from his statements quoted above, can relate only to the additions to tax determined by respondent. The first such addition, under section 6651(a), depends on whether petitioner timely filed income tax returns for the taxable years 1977, 1978, and 1979, and, if not, whether such failure to timely file returns was due to reasonable cause and not due to willful neglect. Although the attachment to petitioner's Form 1040 filed for 1978 cited cases on which he purportedly relied, the very language of those cases distinguishes this case from those in which a Fifth Amendment privilege has validly been claimed. For example, in United States v. Daly,481 F.2d 28 (8th Cir. 1973), *771 the Court affirmed a conviction of defendant in a criminalprosecution for failure to file tax returns based upon return forms on which the taxpayer supplied his name, address, occupation, and signature, and attached an exhibit raising constitutional questions and claiming the privilege against self-incrimination. The Daly opinion, in turn, discusses United States v. Sullivan,274 U.S. 259, 263 (1927), and Heligman v. United States,407 F.2d 448, 450 (8th Cir. 1969), which set forth the requirements for a valid exercise of the Fifth Amendment privilege on a tax return as distinguished from a blanket claim of privilege unsupported by any reasonable showing with respect to how responses to particular questions might incriminate the taxpayer. These same standards have been repeatedly applied by this Court and by the Court of Appeals for the Fifth Circuit. See Reiff v. Commissioner,77 T.C. 1169 (1981); Beatty v. Commissioner,667 F.2d 501 (5th Cir. 1982), affg. a Memorandum Opinion of this Court. The above cases establish that the documents filed by petitioner did not constitute returns. Petitioner's *772 filing impliedly represented that he was familiar with certain of those cases. Even to a nonlawyer, such as petitioner, the language of the cases could not be reasonably construed to justify petitioner's position. If he had not read the cases, he could not contend that he relied on them. His failure to keep records of his income or expenses was contrary to law [section 6001; section 1.6001-1, Income Tax Regs.] and in itself negligence. See Schroeder v. Commissioner,40 T.C. 30, 34 (1963). His failure to file proper returns, therefore, was not due to reasonable cause and the underpayment of his income tax was due to negligence or intentional disregard of the rules and regulations. The additions to tax under section 6651(a) and section 6653(a) must be sustained. See Reiff v. Commissioner,supra.
Once it is determined that there is a tax due, the addition for underpayment of estimated tax under section 6654(a) is mandatory absent exceptions not claimed by petitioner to apply here. Extenuating circumstances, if any had been shown to exist, would be irrelevant. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). *773 Petitioner's reply brief contains the following statement: Petitioner feels he has acted as an individual and asks the court to treat him as such. Petitioner's requests for assistance within his individual objections have never been met by the respondent. The balance of petitioner's reply brief complains of respondent's actions during the course of this proceeding, including the levying of a jeopardy assessment. The very correspondence that petitioner presents to the Court, however, shows that respondent's agents offered petitioner the opportunity to participate in determination of his tax liability in an orderly manner. Petitioner chose to reject respondent's invitation. We have treated petitioner as an individual in deciding this case. The available facts concerning his income and expenses and his noncompliance with the requirements of law are what we look to in reaching a decision. Decision will be entered for the respondent.
Footnotes
1. All references to Rules are to the Tax Court Rules of Practice and Procedure. ↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
3. The said "Petition" was attached to petitioner's brief and was not attached to either stipulation in this case. Its filing, however, was admitted by respondent's answer to the petition filed herein.↩