THOMAS F. STOCKHEIMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stockheimer v. Commissioner
Docket No. 11660-78
United States Tax Court
T.C. Memo 1983-430; 1983 Tax Ct. Memo LEXIS 359; 46 T.C.M. (CCH) 839; T.C.M. (RIA) 83430; July 25, 1983. Joseph W. Weigel, for petitioner. Joseph T. Chalhoub and Edward J. Roepsch, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion for summary judgment, filed on November 3, 1982. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set out hereinbelow. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined deficiencies in petitioner's income taxes and additions to tax for years and in amounts as follows: Addition to Tax
Year
Deficiency
sec. 6651(a) [1]
sec. 6653(a)
1973
$345.20
$86.30
$17.26
1974
4,176.44
1,044.11
208.82
The facts found in this case are based upon the deemed admissions contained in *361 respondent's request for admissions filed on September 16, 1982. [2]
FINDINGS OF FACT Petitioner is an individual who at the time he filed his petition in this case resided at the Sandstone Federal Penitentiary, Sandstone, Minnesota. On April 15, 1974, petitioner mailed a Form 1040 for the taxable year 1973 to the Internal Revenue Service at Milwaukee, Wisconsin, which did not disclose his 1973 gross income or give any information with regard to his 1973 income tax liability. *362 Instead, the following was stated across the face of said Form 1040 for 1973: BEING A CITIZEN OF THE UNITED STATES OF AMERICA -- I RESPECTFULLY PLEAD THE FIFTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA. "MIRANDA VS. ARIZONA" 384 U.S. 436, 86 Ct. 1602, 16 Lawyers Ed. 2nd 694, Decided June 13, 1966 by the U.S. SUPREME COURT reaffirming protection under the 5th Amendment against signing IRS 1040 "Extortion-Confession" sheets to finance destruction of self, personal liberty, nation, state and city. On March 17, 1975, petitioner filed an "amended" Form 1040 for 1973 with the Internal Revenue Service Center at Kansas City, Missouri, which also did not disclose his gross income or give any information with regard to his 1973 income tax liability. In response to all questions pertaining to taxable income from wages, dividends, interest, and business income, petitioner merely stated: "Object, 5th Amendment." Attached to the 1973 "amended" Form 1040 was approximately 136 pages of pre-printed "tax-protestor" material. Except for the just described Forms 1040, petitioner did not file any Federal income tax returns for 1973 or for 1974. Petitioner is *363 a cash basis taxpayer for Federal income tax purposes. During 1973 and 1974, petitioner did not maintain books and records of his income producing activities. During the tax audit of petitioner's 1973 and 1974 income tax liabilities, petitioner, although requested to do so, did not furnish to the agents of respondent any documents, books, or records. During 1973 and 1974, petitioner, as a self-employed individual, received taxable income from farming, speaking engagements, the sale of "tax-protestor" materials, insurance proceeds, gain from the sale of property, and other sources. Taxable Year 1973 During 1973 and 1974, petitioner maintained a checking account at Central State Bank, Marshfield, Wisconsin. Petitioner deposited in the account in 1973 and 1974 moneys received as payment for the sale of "tax protestor" materials, speaking engagements, or other taxable sources. The amounts of the 1973 deposits, cash withdrawals, non-taxable deposits, and net taxable deposits are as follows: 1973 - Central State Bank Deposits
$2,622.85
Less: Cash out
$15.00
Non-taxable VA
compensation
85.40
100.40
Net taxable deposits
$2,522.45
In 1973, petitioner *364 made cash payments on a loan at the Central State Bank in the amount of $300. The source of said payments were taxable cash proceeds received by petitioner in 1973 which were not withdrawn from petitioner's account at that bank. Petitioner is entitled to one exemption and the standard deduction for 1973. Petitioner's correct income, income tax, self-employment tax, and statutory deficiency in income tax for 1973 are as follows: Income: Net taxable deposits
$2,522.45
Taxable proceeds -- loan repayment
300.00
Total income
$2,822.45
Income tax
$ 117.00
Self-employment tax
228.20
Total tax liability
$ 345.20
Less: reported
Deficiency
$ 345.20
Taxable Year 1974 In 1974, petitioner made the following taxable and non-taxable deposits to his account at the Central State Bank: 1974 - Central State Bank Deposits
$1,424.04
Less: Non-taxable VA
compensation
298.90
Net taxable deposit
$1,125.14
During 1973 and 1974, petitioner did not deposit to his account at the Central State Bank the proceeds from any gift, bequest, devise, loan, or other non-taxable source (other than the V.A. compensation). In 1974, petitioner received *365 $1,150 from the Wausau Mutual Insurance Company as proceeds for destroyed grain and damage to a granary, which amount represented taxable income. The insurance proceeds were not deposited in 1974 to petitioner's account at the Central State Bank. In 1974, petitioner received $10,000 insurance proceeds from the same insurance company for a barn that was destroyed by fire in that year. Accordingly, petitioner realized in 1974 a net long-term capital gain, as follows: Insurance proceeds
$10,000
Less: Basis
Gain
$10,000
Less: sec. 1202 deduction
5,000
Long-term capital gain
$ 5,000
The $10,000 insurance proceeds were not deposited in 1974 to petitioner's account at the Central State Bank. In 1974, petitioner sold his farm, from which he realized a long-term capital gain as follows: Gross sales price
$24,000
Less: Basis
Gain
$24,000
Less: sec. 1202 deduction
12,000
Long-term capital gain
$12,000
The $24,000 sale proceeds were not deposited in 1974 to petitioner's account at the Central State Bank. Petitioner is entitled to one exemption and the standard deduction for 1974. Petitioner's correct income, income tax, self-employment *366 tax, and statutory deficiency in income for 1974 are as follows: Income: Net taxable deposits
$ 1,125.14
Insurance proceeds - grain
and granary
1,150.00
Insurance proceeds - barn
5,000.00
Proceeds from sale of farm
12,000.00
Total income
$19,275.14
Income tax
$ 4,008.55
Self-employment tax
167.89
Total tax liability
$ 4,176.44
Less: reported
Deficiency
$ 4,176.44
During 1973 and 1974, petitioner did not have any additional business expenses not taken into consideration herein. On March 11, 1976, petitioner filed a "Petition of Complaint" in the United States District Court for the Western District of Wisconsin (76-C-122), wherein petitioner requested, among other things, that the District Court enjoin the respondent from assessing and collecting petitioner's tax liabilities for the years 1971 through 1975. By Decision and Order, dated November 8, 1976, the District Court dismissed the "Petition and Complaint" for the reasons stated in the Decision of Judge Myron L. Gordon in a related action, Ivey v. United States, 76-C-217 (E.D., Wisconsin, Aug. 30, 1976). A Notice of Appeal was filed with the Court of Appeals for the Seventh Circuit *367 with regard to the dismissal of the "Petition and Complaint" in some of the related cases. On April 28, 1977, the Court of Appeals, in denying appellants' motions for leave to proceed informapauperis stated that the issues raised were frivolous. Part of petitioner's underpayments of tax for 1973 and 1974 were due to petitioner's negligence or intentional disregard of rules and regulations. OPINION Respondent has filed a motion for summary judgment that petitioner is liable for deficiencies and additions to tax under sections 6651(a) and 6653(a) for the years 1973 and 1974. The first issue presented for decision is whether assessment and collection of the deficiencies and additions to tax is barred by the statute of limitations, section 6501(a). Section 6501(c)(3) provides that in the case of a failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. In the instant case neither the original Form 1040 nor the "amended" Form 1040 filed by petitioner for 1973, both of which are described in the finding of fact, constitutes a return within the meaning of sections 6011 *368 and 6012. United States v. Daly,481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,426 F.2d 519 (10th Cir. 1970); cert denied 400 U.S. 824 (1970); Hatfield v. Commissioner,68 T.C. 895 (1977). No return of any sort was filed for 1974. Thus, this is a "no return" case, and assessments and collection may be effected at any time. The statute of limitations interposes no bar. The second question relates to petitioner's liabilities for the deficiencies for 1973 and 1974. The amounts of petitioner's income and the deficiencies have been found as facts. The various constitutional objections raised in the petition have been frequently characterized by this and other courts as frivolous. Indeed, the Court of Appeals for the Seventh Circuit declared them to be so in its denial to related taxpayers of leave to proceed informapauperis from the dismissal of their action to restrain assessment and collection for the years 1971 through 1975. Accordingly, petitioner is liable for the deficiencies as determined by the respondent for the years 1973 and 1974. *369 The third question is whether petitioner is liable for additions to tax under section 6651(a) for failure to file returns. It has already been found under the first issue that petitioner did not file a return for either of the years 1973 or 1974. The burden is upon him to establish that such failure was due to reasonable cause and not due to willful neglict. Rule 142(a) of this Court's Rules of Practice and Procedure. Petitioner has totally failed in that regard and accordingly, he is liable for the additions to tax under section 6651(a) for both years. The fourth and final question is whether petitioner is liable for the additions to tax for negligence or intentional disregard of rules and regulations under section 6653(a). It has been found as a fact that petitioner's underpayments for both years were due to negligence or intentional disregard of rules and regulations; and that finding is based upon a deemed admission to that effect by petitioner. However, even if there were no such deemed admission, there could be not the slightest doubt that the underpayments were due, at the very least, to negligence or intentional disregard of rules and regulations. Accordingly, petitioner *370 is liable for the additions to tax under section 6653(a), as determined by respondent, for each of the years 1973 and 1974. There being no geniune issue as to any material fact and respondent being clearly entitled to prevail on every issue as a matter of law, his motion for summary judgment should be granted and a decision entered in his favor for the deficiencies and additions to tax as determined by him. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner filed no response to the request for admissions. Respondent filed the subject motion for summary justment on November 3, 1983, which was calendared for hearing on December 22, 1982. On December 21, 1982, petitioner filed a motion for enlargement of time to respond to the request for admissions. That motion was denied by order dated April 26, 1983 (accompanied by a memorandum sur order), wherein petitioner was given 45 days (until June 10, 1983) to file a motion under the Court's Rule 90(e) for modification of withdrawal of admissions. Petitioner has not filed such a motion, and the matters embraced in the respondent's request for admissions continue therefore to stand deemed admitted.↩