RANDY ALAN LATTERELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Latterell v. Commissioner
Docket No. 32146-83.
United States Tax Court
T.C. Memo 1985-152; 1985 Tax Ct. Memo LEXIS 481; 49 T.C.M. (CCH) 1090; T.C.M. (RIA) 85152; March 28, 1985. Randy Alan Latterell, pro se. R. Alan *482 Lockyear, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2) [2]
Sec. 6654
1980
$ 535
$100.58
$26.75
23.77
1981
7,374
1,749.39
368.70
To be determined
534.32
In his amended answer, respondent affirmatively alleged that the petitioner received additional income in 1980, and sought an increase in the deficiency and additions to tax for 1980 as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1980
$3,829
$826.94
$191.45
$204.72
The issues for decision are: (1) whether petitioner's *483 wage income as set forth in the statutory notice of deficiency is taxable to him; (2) whether petitioner's additional income is taxable to him in 1980 as affirmatively alleged in respondent's answer; (3) whether petitioner is liable for additions to tax pursuant to sections 6651(a), 6653(a) and 6654; and (4) whether damages should be awarded to the United States against petitioner pursuant to section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Billings, Montana, when he filed his petition in this case. Petitioner filed a timely individual income tax return for the taxable year 1979 on which he determined his tax liability based on wages earned as a welder. Petitioner signed the return on April 7, 1980. Petitioner is a tax protester. On December 17, 1979 and again on January 3, 1980, petitioner signed Forms W-4 on which he claimed to be exempt from withholding for income taxes.On April 13, 1981, petitioner signed and mailed a Form 1040 document entitled "1040 U.S. Individual Income Tax Return 1979." On this document, *484 petitioner provided no information as to income and objected on nearly every line based on various Amendments to the U.S. Constitution. On April 5, 1982, petitioner signed and mailed a document identical to the one signed on April 13, 1981, except that the year 1979 was altered to read 1981 at the top of the form. On May 7, 1982, respondent notified petitioner, by letter, that the protestor form submitted for 1981 was not acceptable as a return and informed him of the legal requirements for filing such a return. On June 25, 1982, petitioner was notified by letter from respondent that his 1980 return was overdue. Because petitioner refused to cooperate, respondent determined petitioner's 1980 and 1981 tax liabilities on the basis of W-2 wage information. The notice determined that petitioner had total 1980 and 1981 salary and wages of $6,605.27 and $29,989.65, respectively. In his answer, respondent affirmatively alleged that petitioner also received in 1980, wages of $12,209.26 from Bechtel Power Corp. and unemployment compensation of $2,618.00. [3]
*485 At trial, Virginia Dilim, payroll tax supervisor at Bechtel Power Corp., testified that a search of the payroll records disclosed petitioner received wages of $12,209.26 in 1980. When petitioner refused to be sworn in or to take the stand when called by respondent as a witness for the specific purpose of eliciting testimony regarding his receipt of unemployment income, this Court held petitioner in default on this issue. [4]
At trial, petitioner presented no evidence with respect to any of the adjustments made in determining the deficiencies or the additions to tax as set forth in the notice of deficiency. Instead, petitioner offered various *486 constitutional and other arguments as to his obligations to file returns and pay taxes. He contended that pursuant to the Privacy Act of 1974 ("Privacy Act"), Pub. L. 93-579, 88 Stat. 1897 (1974), codified at 5 U.S.C. sec. 552a (1982), he is not required to pay taxes. Furthermore, he asserted that because he has not chosen to self-assess himself to pay Federal income taxes, and because he was an "unenfranchised individual", that he is not a "taxpayer" within the meaning of the Internal Revenue Code, and, accordingly, is not required to file a return or pay taxes. OPINION Respondent's determinations of deficiencies is presumptively correct, and petitioner bears the burden of proving that respondent erred in his determinations. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. In the instant case, petitioner chose not to produce evidence and not to prosecute this matter properly. To quote from an earlier opinion of this Court, he has engaged in a "folly" which will be costly to him. [5] Therefore, petitioner has failed to carry his burden of proof, and respondent must prevail.
*487 The arguments advanced by petitioner are stale and meritless. These arguments have been rejected by this Court in scores of cases. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Petitioner's specious Privacy Act arguments were specifically rejected in Billman v. Commissioner,83 T.C. 534, 538 (1984), which held that: In our judgment, petitioner's position is based on sheer sophistry. We hold that the Form 1040 "Privacy Act Notice" does satisfy the requirements of the Privacy Act, and that, in any event, even if there were a failure to comply with the Privacy Act, such failure would not nullify petitioner's liability for Federal income taxes. Since petitioner has failed to carry his burden of proof, we sustain respondent's determinations. Respondent's answer alleged an increased deficiency based on petitioner's receipt of wages from Bechtel Power Corp. and unemployment compensation. Respondent bears the burden of proof with respect to new matters raised in the pleadings. Rule 142(a). Respondent met this burden with respect to the wages by producing evidence that petitioner earned $12,209.66 from Bechtel Power Corp. in 1980. Petitioner *488 refused to testify with respect to his receipt of unemployment compensation.Though the Court informed him that he did not have to be sworn, petitioner persisted in his refusal to take the stand.Petitioner was held in default on this issue under Rule 123(a). Therefore, the affirmative allegations in respondent's answer with respect to the unemployment compensation are deemed admitted. Rechtzigel v. Commissioner,79 T.C. 132, 142 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983). These facts, as alleged and deemed admitted, are sufficient to support a finding of an increased deficiency in 1980 relating to the issue of unemployment compensation. Respondent determined in the statutory notice of deficiency that petitioner was liable for additions to tax pursuant to section 6651(a) for failure to file returns for the taxable years 1980 and 1981. Forms such as those filed by petitioner, which do not contain any information pertinent to the computation of income and deductions, do not constitute returns. United States v. Daly,481 F.2d 28, 29 (8th Cir. 1973), cert. denied, 414 U.S. 1064 (1973); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), *489 cert. denied, 400 U.S. 824 (1970); see also section 6011; section 1.6011-1(b), Income Tax Regs.
The evidence in the record clearly shows that petitioner failed to file valid returns for the years in issue. Respondent's determination that petitioner is subject to additions to tax pursuant to section 6651(a) is sustained for the years 1980 and 1981. Since petitioner is liable for an increased deficiency for 1980, the amount for that year is increased. Respondent's determination that petitioner is subject to additions to tax pursuant to section 6653(a) (1) and (2) is also sustained. Petitioner failed to present any evidence to rebut the presumption of correctness attaching to respondent's determination. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Further, the evidence in the record show that petitioner acted negligently or intentionally disregarded rules and regulations. Petitioner failed to file returns or pay taxes for the years 1980 and 1981. However, petitioner filed a valid 1979 return and paid tax in that year. Thus, he was familiar with the filing requirements. Since petitioner is liable for an increased deficiency for 1980, the addition *490 pursuant to section 6653(a)(1) is also increased for that year. Our above conclusions make it clear that petitioner incurred Federal income tax liability for 1980 and 1981. No Federal income tax was withheld from petitioner's wages and he made no estimated tax payments. Under these circumstances, petitioner is subject to additions to tax as determined by respondent, pursuant to section 6654(a) for failure to pay estimated income tax. See Estate of Ruben v Commissioner,33 T.C. 1071 (1960). Prior to trial petitioner was advised that respondent intended to request that damages be awarded under section 6673. At trial, petitioner refused to present any factual evidence and insisted on presenting numerous tax protestor arguments. Petitioner's actions, manner and demeanor were evasive and directed at stonewalling respondent's and this Court's efforts to get at the truth. This Court will not tolerate the playing of games before it. Parties to proceeding before this Court who choose such a course of action must now pay a price for their frivolity. Upon review of this record, we find that these proceedings were maintained by petitioner primarily for delay and that *491 his position in these proceedings was totally frivolous and groundless. We admonish petitioner not to maintain further frivolous proceedings before this Court, and we award damages to the United States in the amount of $5,000. Based on the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The addition to tax for 1981 pursuant to Section 6653(a)(2) is based on 50 percent of the interest due on the negligent underpayment of $7,374.00.↩
3. Respondent made the following allegations in paragraph 6 of its answer in support of an increased deficiency for the taxable year 1980: c. Petitioner was also employed by and earned W-2 wages from Bechtel Power Corporation during 1980 and was paid gross wages of $12,209.26 for his services. d. Petitioner also received $2,618 from the State of Arizona as unemployment compensation during 1980. e. Under Treasury Regulation 1.85-1(c)(1)↩, $716.26 of the unemployment compensation received by petitioner constitutes taxable income during 1980.
4. The following dialogue took place when petitioner was called as a witness by respondent: Mr. Latterell: I can't be sworn in. It's against my religion. The Court: You don't have to be sworn. We'll just tell you that you are to tell the truth and nothing but the truth. Mr. Latterell: In my opinion, it's the same thing. The Court: Well, then you opinion is wrong. Come up here and testify. Mr. Latterell: I cannot take the stand, your Honor. The Court: All right. Then you're in default if you don't take the stand, sir.↩
5. Schaefer v. Commissioner,T.C. Memo. 1983-361↩.