CHARLES THOMAS CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 18857-83.
United States Tax Court
T.C. Memo 1986-586; 1986 Tax Ct. Memo LEXIS 17; 52 T.C.M. (CCH) 1175; T.C.M. (RIA) 86586; December 17, 1986. *17 Held: The addition to tax for fraud not found; additions to tax for negligence and failure to file sustained. Charles Thomas Clark, pro se. John F. Driscoll, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies and additions to tax for the years and in the amounts as follows: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1980
$4,505
$2,253
1981
4,139
2,070
In his petition in this case, petitioner conceded the deficiencies as determined and disputed only *18 the addition to tax for fraud. Respondent's Answer alleged in the alternative that if petitioner is not liable for additions to tax for fraud under sections 6653(b), he is liable for additions to tax for negligence under section 6653(a) for 1980 and section 6653(a)(1) and (2) for 1981 and for failure to file Federal income tax returns for the 2 years under section 6651(a)(1). By Amendment to Answer filed on September 21, 1984, respondent seeks an increased deficiency and additions for 1981, based upon receipt of additional wage income of $1,884. Petitioner has stipulated both to the unreported income determined in the statutory notice as well as the additional wage income in 1981. The only issues before the Court are the additions to tax for fraud and in the alternative for negligence and for failure to file. Since the additions for negligence and failure to file were first raised in respondent's Answer, the burden of proof on these additions as well as for fraud is upon respondent. *19 FINDINGS OF FACT Some of the facts have been stipulated and they are found accordingly. At the time of filing of the petition petitioner resided in Lake City, Florida. Throughout 1980 and during part of 1981 petitioner worked as a meat cutter for Food Fair, Inc. During 1981 he also worked for Publix Supermarkets, Inc. During the 2 years involved and prior and subsequent thereto, petitioner was married to one Allie G. Clark. For the years 1976 through 1979, petitioner and his wife filed joint Federal income tax returns, completed properly and reporting thereon substantial amounts of income. For the years 1982 and 1983 petitioner and his wife also filed joint Federal income tax returns properly completed and reporting wage income received by each of the spouses. For the years 1980 and 1981, however, petitioner filed individual Forms 1040 on his own behalf. These forms show petitioner's name, social security number, address, and the name and social security number of his spouse who is shown as filing a separate return for each of these years. No wage or other income is reported.Instead the line items on the first page contain the word "object" or the word "none." At the top *20 of the page petitioner states that he is objecting on the grounds of self-incrimination. Attached to each of the returns is typical tax protestor information and articles emphasizing petitioner's then position that he was making a claim under the 5th Amendment to the Constitution. [2]
During the actual trial of the case, petitioner was reasonably cooperative with the Court and with respondent's counsel. Petitioner finally admitted that he had received at least some of the protest materials through seminars conducted by a discredited individual by the name of Cooley. OPINION Due to petitioner's concessions both by way of stipulation and in open Court, there is no question as to the correctness of the deficiencies in income tax determined against petitioner for the years 1980 and 1981. Petitioner has contended in the pleadings that he filed valid *21 Federal income tax returns but these typical 5th Amendment-type returns do not constitute returns for purposes of the applicable Code provisions. United States v. Daly,481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Accordingly, for these 2 years petitioner is treated as having failed to file Federal income tax returns and the deficiencies as determined are sustained. Respondent must prove by clear and convincing evidence that petitioner underpaid his taxes for each of these 2 years and that such underpayment was due to fraud. Section 7454(a); Rule 142(b). Respondent's burden is met where the evidence shows that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Rowlee v. Commissioner,supra. *22 Fraud will never be presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), but may be proven by circumstantial evidence. Rowlee v. Commissioner,supra.The taxpayer's entire course of conduct may be looked to in order to establish the requisite fraudulent intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213 (1971); Otsuki v. Commissioner,53 T.C. 96 (1969). In this case, the deficiencies are of course established. But the only badges of fraud in this case are the failure to file adequate income tax returns for the 2 years and the refusal to cooperate with respondent's agents during the audit process. We note, however, that while the income tax returns filed were not sufficient to constitute a tax return, they nevertheless did give respondent's agents petitioner's name and social security number, his address, the nature of his occupation, and the name and social security number of his wife. Thus, petitioner did not try to conceal his identify and location from respondent. He made the audit process relatively easy in the sense of enabling respondent's agents *23 to locate him. Petitioner further contends that he filed protestor-type returns in good faith although he concedes that he made no effort to verify the credentials, if any, of Mr. Cooley. Under these circumstances, respondent has not shown by clear and convincing evidence that petitioner acted with the requisite fraudulent intent for these 2 years. We find against respondent with respect to the additions to tax under section 6653(b). The negligence and failure to file additions are another matter. At the commencement of the trial, petitioner all but conceded negligence. Moreover, the evidence in this record is ample to sustain respondent's burden of proving negligence by a preponderance of the evidence. Petitioner knew he had an obligation to file proper Federal income tax returns as is evidenced by his filing of joint returns with his wife for prior and subsequent years. Petitioner was fully aware of the fact that his wife continued to file in these 2 years separate returns apparently properly reporting her wage income. As we found petitioner made no effort to consult with any reputable tax return preparer as to the propriety of the 5th Amendment-type returns which he filed. *24 Petitioner in this case cannot rely on any representations which may have been made to him by Mr. Cooley. Therefore, the negligence additions and the additions for failure to file returns as claimed by respondent in his Amendment to Answer are sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner testified that Mrs. Clark filed separate income tax returns properly reporting her own income since she did not agree with peritioner's protestor returns. Also, petitioner declined to cooperate with respondent's agents during the audit process, again claiming the 5th Amendment↩ and otherwise obstructing the process.